Peck, J.,
delivered the opinion of the court:
The claimant in this case is a corporation created by the State of Maine, and having its place of business there.
The petitioner claims a drawback amounting to the sum of $6,480, as having been paid as tax on four locomotives and tenders manufactured by the claimants and sold to the defendants, the said locomotives and tenders having been repurchased from the defendants and exported by the claimants to two' of the provinces of Great Britain, where they were sold to parties there residing.
The claim to recover as drawback the amount of tax which the claimants allege they paid to the United States rests upon the 171st section of the act “ to provide internal revenue to support the government, to pay interest on the public debt, and for other purposes,” approved 30th' June, 1864. (13 Stat. L., p. 223.)
That section provides that there shall be an allowance or drawback on all articles on which any internal duty or tax shall have been paid, excepting certain articles named, of which locomotives- and tenders do not make a part, equal in amount to the tax or duty paid thereon, and no more, when exported; the evidence that any such duty or tax has been paid to be furnished to the satisfaction of the Commissioner of Internal Bev-enue by such person or persons as shall claim the allowance or drawback, and the amount to be ascertained under such *446 regulations as shall from time to time be prescribed by'the Commissioner, under the direction of the Secretary of the Treasury, and the same shall be paid by the warrant of the Secretary on the Treasurer of the United States, out of any money arising from internal revenues not otherwise appropriated. The manner of the allowance and the mode of payment, and'all matters in relation to drawbacks, are subjected to the discretion and judgment of the Secretary of the Treasury, with whom the law seems definitively to have left the power in relation to the whole subject.
Several questions were presented for the consideration and decision of the court in this case, which were ably discussed for the claimant and the United States. We, however, feel ourselves precluded from any decision upon those points. The view we take of the main question renders any comment upon the various minor points presented altogether unnecessary.
The Supreme Court, in the case of Nicholls v. The United States, (7 Wallace’s Repts., p. 122,) has decided that cases arising under the administration of the internal revenue laws are not within the jurisdiction of this court. Although in the case referred to the question presented arose out of the laws regulating the payment of duties on merchandise imported into the United States, in which the internal revenue laws were not directly implicated, that court has thought proper to say, after discussing the necessity of observing the line of duty prescribed under the act of 1864, already referred to: u The mischiefs that would result, if the aggrieved party could disregard the pro'visions in the system designed expressly for his security and benefit, and sue at any time in the Court of Claims, forbid the idea that. Congress intended to allow any other modes to redress a supposed wrong in the operation of the revenue laws than such as are particularly given by those laws.” “ Without pursuing the subject further, we are satisfied that cases arising under the revenue laws are not within the jurisdiction of the Court of Claims.”
These opinions and declarations close the doors of this court against petitions like that now under consideration, and leave us no alternative but to dismiss them.
This petition is dismissed.