Drake, Ch. J.,
delivered the opinion of the court:
This action calls for the interpretation of the following clause of section 161 of the internal-revenue' act of June 30, 1864, (13 Stat. L., 223:)
“That any proprietor or proprietors of articles named in Schedule C who shall furnish his or their own die or design for stamps, to be used especially for his. or their own proprietary articles, shall be allowed the following commission, namely: On amounts purchased at one time, of not less than $50 nor more than $500, 5 per centum; on amounts over $500,10 per . centum.”
Among the articles enumerated in Schedule' C are friction-matches.'
The claimant was a manufacturer of matches, and furnished to the Commissioner of Internal Eevenue a die for stamps to be used on his matches, under the above provision.
Fourteen different times between April 1 and October 1,1870, he purchased stamps from the Commissioner of Internal Eevenue, struck from his die, each time in amount exceeding $500.
Upon all the purchases so made, the Commissioner paid him 10 per cent, commission on the excess' over $500, but refused to allow him more than 5 per cent, on the first $500; which was in each case paid him.
He sues for an additional 5 per cent, on the first $500 in each of the fourteen purchases, amounting in the aggregate to $350.
Two questions only are presented: 1. Whether this court has jurisdiction of this action; and, 2. If it has, whether the *386 interpretation given by the Commissioner of Internal Bevenue to the clause in question is correct.
The defendants deny the jurisdiction, and in support of their position rely on the case of Nicoll v. United States, (7 Wallace, 122,) and The Portland Company's Case, decided by this court, (5 C. Cls. R., 441,) the former of which denied the jurisdiction of this court of an action to recover back duties paid on imported merchandise; and the latter, upon the authority of the former, disclaimed our jurisdiction of an action to recover the amount of a drawback allowed by the internal-revenue act upon certain articles, when exported, upon which a tax had been paid.
Without going into an examination of the facts and doctrines of those cases, it is sufficient to say that this case is not like either of them, and that the positions taken in them have no bearing here. Those cases presented points arising in connection with the collection of duties and taxes, and requiring the ascertainment and settlement of facts, and the exercise of judicial decision upon those facts by the Secretary of the Treasury or the Commissioner of Internal Bevenue.
This case has no such features, nor does a single reason given by the Supreme Court in NicolVs Case have any bearing upon or relation to the matter here involved. This case,-like that of Patton, decided at the present term of this court, is one merely for compensation which the law contracts for the Government to pay — the simplest form of direct contract.
The Government, believing it to be its interest to increase and facilitate the sale of stamps, allowed parties using them upon certain articles manufactured by them to provide the dies therefor, and deposit the same with the Commissioner of Internal Bevenue; and, by law, agreed with every such person to pay him a certain commission for every amount of these stamps over $50 which he should at any one time purchase.
“ Commission,” in such a case, is the synonym of “ compensation.” The law, therefore, bound the Commissioner of Internal Bevenue to allow the claimant a compensation for making his purchases in sums exceeding $50. When, therefore, he made those purchases, it was a simple contract of bargain and sale of that which the Government offered for sale at a certain price, agreeing to pay back a certain per centum of the price. The transaction had no connection with the assessment or col *387 lection of tbe revenue, involved no' exercise of discretionary authority on the part of the Commissioner, made no interruption in the routine of his office, had no consequences to be foreseen or guarded against, demanded no “red tape,” but was the simple matter of exchanging one description of stamped paper for another description of stamped paper, with the promise on one side to give, and the right on the other side to demand, a compensation for making the exchange in a certain amount.
This is an express contract on the part of the United States, and, therefore, within the defined jurisdiction of this court, though it be created by a revenue law.
Upon the question of the rate per centum which the claimant was entitled to as commission, we are equally clear that the action of the Commissioner of Internal Bevenue was based on an erroneous interpretation of the clause in question. The error probably arose from omitting to observe that the final member of that clause is elliptical. If written in full, without the ellipsis, it would read: “ On amounts purchased at one time over $500, 10 per centum.” That is its legitimate meaning as it now stands in the statute, and it required the payment to the claimant of 10 per centum on the whole amount of each ■of his fourteen purchases. Whatever doubt we might have had of the correctness of this conclusion is removed by the subsequent action of Congress in adding to the clause in question the words, “on the whole amount purchased.”
Judgment will be entered in favor of the claimant for $350.