Loüxng-, J.,
delivered the opinion of the court:
In the able arguments at the bar it was correctly said that the first question in the case was, “Whatmaximum compensation is fixed by law for the office of which the claimant was in commission 9”
The record shows that on this question there have been for years at the Treasury Department doubts not yet solved; and the question requires the construction of the many statutes relating to the subject.
The ninth section of the Act of May 7,1822, (3 Stat. L;, p. 695,) specified the ports of Boston, New York, Philadelphia, Baltimore, Charleston, Savannah, and New Orleans, and hence those ports are called enumerated ports, and for these ports the act fixed the maximum compensation of collectors at $4,000; of naval officers, at $3,000; of surveyors, at $2,500 per year.
The tenth section of the act for “all other ports,” which are hence called non-enumerated ports, fixed the maximum com *229 pensation of collectors at $3,000 •, of naval officers, at $2,500 j of surveyors, at $2,000 per year.
The act of 1831, ch. 87, (4 Stat. L., p. 480,) allowed foreign merchandise to be imported 'into Pittsburgh, Cincinnati, and other places specified in the act, and the duties to be received and paid in such places of importation. And the act charged surveyors in those ports with performance of prescribed services in collecting the duties, and gave to such surveyors for the performance of such services “ an annual salary of $350.” And thus, under these acts, the maximum compensation receivable by a surveyor at Pittsburgh for performing the duties of a collector was $2,350.
Then the fifth section of the act of 1841, ch, 35, (5 Stat.L., p. 432,) allowed “ every collector of customs, naval officer, and surveyor of ports,'” to retain $2,000 (if received) from rents and storage, and at the same time limited the maximum compensation of collectors to $8,000; of naval officers, to $5,000; of surveyors, to $4,500.
The words in this section, u every collector of customs, naval officer, and surveyor of ports, ” in their ordinary meaning, include those officers in the non-enumerated as well as in the enumerated ports. But the sums specified in it, of $8,000, $5,000, and $4,500, are the maximum compensations of collectors, naval officers, and surveyors in the enumerated ports only.
And the section has been construed by the Supreme Court in the case of The United States v. Walker, (22 How., 299,) A. D. 1859. "Walker was a collector in a non-enumerated port, and he claimed the maximum of $8,000 specified in the act for collectors and the $2,000 allowed from rents and storage; and the court held that the maximum of $8,000, as specified in the act, applied only to collectors in the enumerated ports, and that Walker, as the collector of a non-enumerated port, was entitled to only $3,000 under the act of 1822, and to $2,000 when received from rents and storage, under the fifth section of the act of 1841, which allowed that sum to all the officers mentioned in it.
Under this decision of the Supreme Court, the fifth section of the act of 1841 added $2,000, if received from rents and storage, to the $3,350 prescribed by previous statutes cited, as a compensation for surveyors of non-enumerated ports perform *230 ing tbe duties of collectors, tlius making the maximum compensation receivable by them $4,350.
Then the eighth section of the act of 1857 (11 Stat. L., p. 229) amended the fifth section of the act of 1841, and provided that it should be construed “ to apply to surveyors performing or having’ performed the duties of collectors, who shall be entitled to the same compensation as is allowed to collectors for like services in the settlement of their accounts.”
As collectors of non-enumerated ports were entitled io $3,000, that sum became, under the act of 1857, the compensation of surveyors of non-enumerated ports performing the duties of collectors.
But the act of 1857 necessarily repealed the provision for a salary of $350 for such surveyors in the act of 1831, for otherwise their compensation would have been more than that of collectors, instead of the same, as the act of 1857 prescribed.
And thus, under the acts of 1841 and 1857, the maximum compensation receivable by surveyors of non-enumerated ports performing the duties of collectors was $5,000, viz: $2,000 if received from rents and storage, and $3,000 as such surveyors.
And we think the acts referred to are all the acts affecting the compensation of the claimant as surveyor.
The eighth section of the act of 1870 amends the fifth section of the act of 1841, and is retroactive in its operation; and it provides that the said fifth section “ shall be construed to have authorized and to authorize the naval officers and surveyors therein mentioned to receive the maximum compensation of $5,000 and .$4,500, respectively, as therein named, out of any and all fees and emoluments by them received.”
These sums of $5,000 and $4,500 are the maximum compensation of naval officers and surveyors in the enumerated ports. And this eighth section of the. act of 1870, in amending the fifth section of the act of 1841, specifies those described sums as “ therein mentioned,” that is, as mentioned in the fifth section of the act of 1841; and it has been said that the Supreme Court decided in the case before cited that those sums mentioned in the fifth section of the act of 1841 were applicable only to officers in the enumerated ports. And for the reasons and on the authority of that decision we hold that those sums *231 in' the eighth section of the act of 1870 are applicable only to naval officers and surveyors in the enumerated ports.
We have thus reached our solution of the first question made. The claimant was in commission of the office of a surveyor at Pittsburgh, and under the act of 1831 the duties of a collector prescribed in it belonged to that office by law. And under the acts of 1841 and 1857 $3,000 and $2,000 (if received from rents and storage) were the emoluments belonging by law to that office, and making its maximum compensation $5,000 per year when received from all its sources of emolument.
Put the claimant held another office, viz, that of depositary of public moneys, for which he was not commissioned, but to which he was appointed by the Secretary of the Treasury under the Act 6th August, 1846, (9 Stat. L., p. 59.) This act prescribes the duties of depositaries but did not fix their compensation, and this was done by the act of 1853, (10 Stat. L., p. 172.) The title of this act is, “ An act to provide compensation to such persons as may he designated by the Secretary of the Treasury to receive and Iceep the public money, tender the eighteenth section of the act of the 6th of August, 1846, for the additional services required tender that act.” The enacting clause prescribes the compensation in the form of a specified commission upon the amounts received, and then follows these provisos: “Provided, That no compensation shall be allowed for the above services when the emoluments of the office of which said designated depositary is in commission amounts to the maximum compensation fixed by law; nor shall'tke amount allowed to any of said designated depositaries for such services, when added to the emoluments of the office of which he is in commission, be more than sufficient to make the maximum compensation fixed by law: And provided further, That the whole allowance to any ■designated depositary for such services shall not exceed $1,500.”
It is on the construction of these provisos that the rest of this case must depend. The act seeks to compensate deposit-aries for their services as its general purpose, and the enacting clause effects this. Then the first clause of 'the proviso excepts the case it specifies, and no other, from the enacting clause, and thus withholds all compensation from a depositary only when the maximum compensation of the office for which he is commissioned is derived from that. In any other case the first clause of the proviso does not act at all, but the second clause *232 comes in and allows tbe depositary so much for bis services as depositary as will, when added to tbe amount received from tbe office for wbicb be is in commission, make up tbe maximum compensation of that, provided the allowance so to be added does not exceed $1,500.
The result is, that if tbe depositary receives from tbe office for wbicb be is commissioned its maximum compensation, be is to be allowed nothing for bis services as depositary. But if be receives from tbe office for wbicb be is commissioned less than its maximum compensation, be is to be allowed for bis services as depositary so much of $1,500 as will make up such maximum compensation.
Under the construction of tbe statutes wbicb we have made. tbe claimant was entitled to—
1. For compensation as surveyor, x>erform-ing tbe duties of collector from March 15, 1867, tq March 14,1868.$3,000 00
For commissions as depositary for tbe fiscal year ended June 30, 1867. 208 61
For fiscal year ended June 30, 1868 .. 686 70
-$3,895 31
2. For compensation as surveyor, performing the duties of collector from 15th March, 1868, to 14th March, 1869. 3,000 00
Do. from 15th March, 1869, to 20th April, 1869. 306 49
For rents or storage from 15th March, 1868-, to 20th April, 1869. 1, 111 00
For commissions as depositary for the fiscal year ended 30th June, 1869. 582 51
To make up bis maximum.'. 5,000 00
He was then entitled in all to. 8,895 31
Of which be was paid and received... 7,417 51
Leaving due to him. 1,477 80
Tbe petitioner claimed commissions on tbe transfer deposits specified in tbe statement of facts. We think be is not entitled to them, for the reason stated at tbe bar, “That transfers *233 of money are clearly not payments to the United States, because such moneys are already in the possession of the United States.”
The petitioner also claimed that he might be entitled to $400 as additional compensation, limited by the eighteenth section of the act of 1822, for services therein specified. But there was no evidence that any such services had been performed by the claimant.
And on the facts stated the court finds that the claimant is entitled to recover judgment against the United States for the sum of $1,477.80.
The Chief Justice dissented.