Richardson, J.,
delivered the opinion of the court:
This case is ruled by the cases of McLean, JSTeff, and Bachelor, (8 C. Cls. R., 217, 233, 235,) which were decided in favor of the claimants. These decisions were acquiesced in by the Attorney-General, no appeal having been taken, and they settle the law applicable to all like cases in this court.
The claimant herein was surveyor of customs, performing the duties of collector, at Louisville, in the_State of Kentucky, one *230 of the non-enumerated ports referred to in the tenth section of the Act May 7,1822, from May 10,1869, to June 30, 1871, both days inclusive, being two years and fifty-two days.
Under the several Acts of Congress May 7,1822, (3 Stat. L., 695,) March 2,1831, (4 Stat. L., 480,) March 3,1841, § 5, (5 Stat. L., 232,) March 3,1857, § 8, (11 Stat. L., 229,) as those acts have been construed by this court in the cases cited and by the Supreme Court in the case of The United States v. Walker, (22 How., 299,) the maximum amount of emoluments which the claimant was allowed, to receive as surveyor, performing the duties of collector, was $5,000 a year, or $10,714.28 for the whole time.
The amount which he actually received from all sources was $7,363.97.
During the same-period he was also a United States depositary of public moneys, appointed by the Secretary of the Treasury, under the Act August 6,1846, (9 Stat. L., 59,) and by the Act March 2,1853, (10 Stat. L., 172,) was entitled to a commission on such moneys deposited with him (excluding transfer-deposits) of one-half of one per cent, on the first hundred thousand dollars, one-quarter of one per cent, on the second hundred thousand dollars, and one-eighth of one per cent, on all above two hundred thousand dollars, subject to the limitations that the whole amount of such allowance should not exceed fifteen hundred dollars a year ; that the amount allowed, when added to the emoluments of the office of which the depositary was in commission, should not be more than sufficient to make the maximum compensation fixed by law; and that no commissions should be allowed to him thereon when said emoluments of his office amounted to the maximum fixed by law.
. The emoluments of the claimant from his office of ^surveyor did not reach the maximum compensation fixed by law, while the commissions on public moneys deposited with him as a United States depositary, according to the’ rates specified in the act of 1853, exceeded fifteen hundred dollars a year, no part of which has been paid to him.
The petitioner is therefore entitled to recover, as claimed in his petition, the difference between the amount actually received by him as surveyor and the maximum of emoluments allowed by law, which difference is $3,350.31; and for that amount judgment will be entered.
*231 The account, stated in detail, is as follows :
Maximum allowance. Emoluments re- . ceived. Balance duo from commission as depositary.
$714 28 $231 79 $482 49 Erom May 10,1869, to June 30,1869.
5,000 00 3,565 28 1, 434 72 Erom July 1,1869, to June 30,1870 ..
5,000 00 3, 566 90 1,433 10 Erom July 1,1870, to June 30,1871...
10, 714 28 7, 363 97 3. 350 31 Total.