Richardson, J.,
delivered tbe opinion of tbe court:
When this case was before us at a former term, it was submitted upon a demurrer to tbe defendant’s plea, and tbe admitted facts were these:
. Three indictments against Horace Boughton, who was then tbe claimant, bad been found for bribery, conspiracy, and fraud in connection with internal-revenue matters, and were pending in tbe United States circuit court in Texas when, on tbe 15th of November, 1870, Boughton made a written application to tbe Commissioner of Internal Revenue for a compromise of those cases and other claims against him upon tbe payment by him of $1,250, and at tbe same time made a deposit of that amount of money with tbe collector of internal revenue of tbe fourth district of Texas, subject to the order of tbe Secretary of tbe Treasury or Commissioner, to await tbe decision of tbe latter officer upon bis proposition. On tbe 19th of November, 1870, a tax on distilled spirits to tbe amount of $8,000, including penalty, was returned to said collector for collection, as assessed against said Boughton and others, by tbe assessor of that district. On tbe 9th of January, 1871, tbe collector applied said $1,250 in part payment of said tax, reported tbe same in bis account, and paid tbe money into tbe United States Treasury, where it was beyond tbe reach of anybody to refund without an appropriation by Congress or a judgment of this court. On tbe 3d of February next following, tbe offer of compromise was rejected by tbe Commissioner in writing, and the'district attorney was ordered to proceed with tbe trial of tbe indictments. *290 Subsequently, on tbe IStb of November, 1872, all tbe indictments were dismissed on motion of tbe district attorney, without any direction from tbe Commissioner, so far as it appeared by the record. There was no plea of set-off or counter-claim filed by tbe defendants.
Upon these facts, thus presented, and tbe case submitted on •that one narrow ground of defense, a claim of right, on tbe part ■'of tbe collector, to apply tbe deposit money toward payment of tbe tax — an .object wholly different from that for which it was specially intrusted to him — to make such an application of tbe money before tbe proposition for a compromise bad been acted upon, and to retain tbe same after that proposition bad been rejected, we held that tbe collector bad no such authority, and that, resting upon that defense alone, tbe defendants could not retain tbe money, and tbe demurrer was sustained. (Boughton v. United States, 12 C. Cls. R., 330.)
There was also a motion or plea to dismiss tbe action on tbe ground that it was a revenue case, and so not within tbe jurisdiction of this court, according to tbe opinion of tbe Supreme Court iuMchol’s Case (7 Wall., 70). This motion was overruled, and then, as in several other cases, we expressed our views of tbe meaning, extent, and application of tbe rule laid down by tbe learned judge in that case, which seems to have since been concurred in by the Supreme Court in their recent determination of Kaufman’s Case, affirming the judgment of this court therein. (Kaufman's Case, 11 C. Cls. R., 659, affirmed 96 U. S. R., 567; Boughton's Case, 12 id., 330; Campbell's Case, 12 id., 470.)
The facts now proved are precisely the same as they were before, so far as they extended; but since the former decision the aspect of the case has materially changed by the introduction of additional facts and a different form of presentation of the defense.
On the 29th of December, 1877, after the demurrer had been sustained, the defendants filed a plea setting up said tax of $8,000, assessed against said Boughton, as a set-off and counterclaim, under the provisions of Revised Statutes, §§ 2059, 1061, and demanding judgment thereon in favor of the United States.
On the 11th of April, 1878, Milton S. Howser appeared by his counsel, and having shown that said Boughton had been adjudged a bankrupt, and that he (Howser) had been appointed *291 assignee of the estate, was, on motion, admitted as the claimant to prosecute this action in place of said Boughton.
The tax is proved by theprima-faeie evidence of the tax-list and records of the Internal-Revenue Bureau, and no defense to its correctness or validity is set up (Clinkenbeard v. United States, 21 Wall., 65); and, taken separately, there is no defense to the respective claims of either party.
The only questions which arise are upon the right of set-off and the form of judgment to be entered.
In case of the insolvency or bankruptcy of a debtor to the Government, the United States are entitled to priority of payment out of his assets, not only- by the bankrupt law (Rev. Stat., § 5101), but also by more, general provisions of much earlier enactment (now Rev. Stat., § 3166; Lewis v. United States, 92 Wall., 618), and it would seem to be a circuitous and useless proceeding to give judgment for payment by defendants of money which would be required to be immediately refunded to them. But it is not necessary to determine whether or not this court would have power to enforce that right of priority of payment without further statute provisions, because it is clear that by Revised Statutes, § 1061, when a counter-claim is set up here in any case, the court is required to hear and determine such claim or demand both for and against the Government and claimant, and to render judgment on its findings upon the whole case.
Horace Boughton, the original claimant, against whom the counter-claim Avas filed, and who alone is personally responsible therefor, has disappeared from the case as a litigating party, and no judgment can now be entered against him.
It does not appear that either party desired that the validity of the defendant’s counter-claim should be finally determined in this court for the purpose of ascertaining the amount due to be proved in bankruptcy. (Rev. Stat,, § 5106.) It seems, to have been set up solely to prevent the claimant from recoAmring judgment upon his claim, and to that extent we have no difficulty in alloAving it and entering judgment accordingly.
The judgment of the -court is that the plaintiff’s claim be allowed to the amount of $1,250, to be set off against a like amount of the defendant’s counter-claim, which to that extent is allowed, and the claimant Avill take nothing by his petition; and such judgment will be entered, unless the defendants, on or before *292 tbe 29tb iustaut, move for a special judgment against tlie bankrupt estate in tbe bands of tbe assignee, in wbicb case judgment will be suspended until tbe motion is beard and determined.
On tbe 29tli of April tbe following entry was made of record:
Tbe court, upon due consideration of tbe premises, finds in favor of tbe claimant for tbe amount of $1,250, to be set off against a like amount of tbe defendant’s counter-claim of $8,000 wbicb is found in favor of defendants; and tbe court does order, adjudge, and decree that tbe said claimant bave and recover nothing upon tbe petition; and tbe defendants not having moved for any judgment for the balance of said counter-claim, as they were specially permitted to do, no judgment is entered therefor.