RichardsoN, J.,
delivered the opinion of the court:
The claimant was the first informer of the matter whereby certain penalties were alleged to have been incurred under the internal-revenue laws by a railway company for fraud in making returns. Suits were thereupon brought in a Dnited States court against the company to recover forty penalties of $1,000 each. In June, 1874, before judgment in said suits, a compromise was effected by which the railway company paid $5,000 in lieu of penalties, in addition to the tax, interest, and cost, amounting in all to $15,694,03.
The claimant made application to the Secretary of the Treasury for payment to him of the informer’s share under the provisions of the Aet July 13,1866, ch. 184, § 9 (14 Stat. L., 145) and the Secretary’s circular of August 14,1866, set forth in the findings. This application was refused, on the ground that an informer’s right to share in penalties under that statute did not accrue and become vested until the penalty was fixed by judgment or compromise and the amount paid, and that in this case the law authorizing the payment of shares to informers was repealed by thp Aet June 6, 1872, ch. 315, § 39 (17 Stat. L., 256) before the compromise was made.
Whether or not the Secretary of the Treasury made his decision in conformity with the true construction of the law or whether the conclusion which he reached was the same as that which we should arrive at if the case were within our jurisdiction, we are of opinion that his determination is conclusive except against Congress, and cannot be reviewed in this court.
The question has frequently arisen and has been much discussed as to how far this court has jurisdiction of cases arising under the revenue laws; and some language found in one of the opinions of the Supreme Court, not necessary to the decision of the points of law involved therein, seems to have conveyed the impression that we had no jurisdiction in such cases under any circumstances. (Nicol v. United States, 7 Wall., 122, and 7 C. Cls. R., 36.)
A suit was brought in this court to recover the amount of an *372 allowance made in writing by tlie Commissioner of Internal Revenue as a refund on account of special-tax stamps returned unused, wbicb allowance, having been certified to the Comptroller of the Treasury, that officer refused to pass. We held that this court had jurisdiction, and on appeal our judgment was affirmed. (Kaufman’s Case, 11 C. Cls. R., 659, affirmed on appeal 96 U. S., 567, and 13 C. Cls. R., 562; see also Boughton’s Case, 12 C. Cls. R., 330, and Campbell’s Case, 12 C. Cls. R., 470.)
In Boughton’s Case (12 C. Cls. R., 334), after commenting upon . the Nichol and Kaufman Oases, and pointing out the circumstances under which this court has jurisdiction under revenue laws, we said : “It would seem logically to follow that in all cases, whether under the revenue laws or. any other laws, in which Congress has provided a specific system adequate, in the opinion of the law-making power, to the investigation and recovery of legal claims of any particular class due from the government, intrusting the determination of the rights of the parties to the judgment and, discretion of special executive or other officers, and a final enforcement to other tribunals than this court under special limitations and restrictions, such jurisdiction is exclusive, and furnishes the only remedy to claimants of that class.”
Again, in Campbell v. United States (12 C. Cls. R., 470), where the whole subject is carefully reviewed and all the cases on the one side and the other are referred to, the Chief Justice, in giving the opinion of the court, says: “Where the right of 3, claimant was by law required to be determined by some executive officer, and it had either been determined against him or was still undetermined, we have held that we have no jurisdiction to overrule the decision already made or to determine the matter here, and, upon the basis of our determination, render a judgment against the government.” (Portland Co. Case, 5 C. Cls. R., 441; Dougherty’s Case, 5 id., 90; Turner’s Case, 9 id., 367.)
The act of 1866, upon which the present claim is founded, provides:
“And where not otherwise provided for, such share as the Secretary of the Treasury shall by general regulation provide, not exceeding one moiety nor more than five thousand dollars in any one case, shall be to the use of the person, to be ascertained by the court which shall have imposed or decreed any such fine, penalty, or forfeiture, who shall first inform of the cause, *373 matter, or tiling whereby snob, ñne, penalty, or forfeiture shall have been incurred; and when any sum is paid without suit, or before judgment, in lieu of fine, penalty, or forfeiture, and a share of the same is claimed by any person as informer, the Secretary of the Treasury, under general regulations to be by him prescribed, shall determine whether any claimant is entitled, to such share as above limited, and to whom the same shall be paid, and shall make payment accordingly.”
It is clear that the statute makes the Secretary of the Treasury the sole judge as to whether there is an informer who is entitled to a share of any sum received in lieu of penalty before judgment, in like manner as it confers upon the court alone which imposes a fine, penalty, or forfeiture the same authority after judgment. In each case special and exclusive jurisdiction of the matter is given to a tribunal or officer other than this court.
If the Secretary had decided in the claimant’s favor and certified his decision to the accounting officers, and they had rejected the claim, the case would have been like that of Kaufman’s, and this court would have had jurisdiction to enforce payment; but without such a decision in his favor by the officer designated by law to determine the matter, he has no standing in court.
The findings show that the government received more than $12,000, besides costs, through information first given by the claimant, of which the sum of $5,000 was in lieu of penalties, and of this sum the claimant would seem to be entitled to $1,700 had not the statute been repealed before the compromise was effected. This repeal, although it was after the service had been performed, the Secretary determined deprived him of the reward offered by statute and the circular issued thereunder. The only remedy left to the claimant is , through an appeal to Congress, which alone has- authority to grant him any relief.
The claimant’s petition must be dismissed.