Scofield, J.,
delivered the opinion of the court:
This suit is brought to recover a pension under the following section of the Kevised Statutes:
“ Sec. 4756. There shall be paid out of the naval pension fund to every person who, from age or infirmity, is disabled from sea service, but who has served as an enlisted person in the Navy or Marine Corps for the period of twenty years, and not been discharged for misconduct, in lieu of being provided with a home in the Naval Asylum, Philadelphia, if he so elects, a sum equal to one-half the pay of his rating at the time he was discharged, to be paid to him quarterly, under the direction of the Commissioner of Pensions, and applications for such pension shall be made to the Secretary of the Navy, who, upon .being satisfied that the applicant comes within the provisions of this section, shall certify the same to the Commissioner of Pensions, and such certificate shall be his warrant for making payments as herein authorized.”
The claimant served as an enlisted man in the Marine Corps for sixteen years five months and twenty-one days prior to 1854. Between that date and May, 1864, he served, by appointment, as surgeon’s steward in the navy-yards at Kittery and Boston for about nine years. *
August 8, 1868, he applied to the Secretary of the Navy for a pension under this section. Upon consideration the Secretary decided that a surgeon’s steward was not an enlisted person, but a petty officer of the staff, and that such service could not be credited to the claimant in making up the required twenty years of service as an enlisted person. The application was therefore rejected.
August 15, 1879, the application was renewed, but again rejected for the same reason.
July 3, 1884, Congress passed an act for claimant’s relief, providing that he should be entitled to “the amount of pension that would have been due him if he had been an enlisted person instead of an appointed one.” (23 Stat. L., 543.) Under this act he has drawn a pension from its date.
He now seeks to recover a pension from the time he made application therefor to the Secretary of the Navy to the date *300 of said special act, or rather for so much of it as is not cut off by the statute of limitations.
If this court were authorized to review the action of the Secretary in the premises we might possibly find good reason for concurring' in his decision, but section 4756 seems to confer upon that officer exclusive jurisdiction to determine the facts and decide the law. The application is to be made to him; he is to become satisfied that it comes within the provisions of the statute; and his certificate is to be the 'warrant upon which the pension shall be paid by the Commissioner of Pensions.
Until he has decided the case and given the certificate, there seems to be no liability on the part of the Government that can be enforced in this court. Jurisdiction over a charity or other fund, conferred upon a particular tribunal by the statute enacting it, is thereby withheld from other tribunals within whose general powers it would otherwise fall.
Thus we have heretofore held that this court is without ju- _ risdiction to review the action of the Interior Department in making up the roll of invalid pensions. (Dailey's Case, 17 C. Cls. R., 144; Harrison’s Case, 20 id., 122.)
So we have repeatedly held that a decision of the Commissioner of Internal Revenue relative to refunding taxes under section 3220, Revised Statutes, cannot be' reviewed by this court unless impeached for fraud or mistake. (Kaufman’s Case, 11 C. Cls. R., 659, affirmed, 96 U. S. R., 567; Ramsey’s Case, 14 C. Cls. R., 367; Greencastle Bank, 15 id., 225; Sybrant’s Case, 19 id., 461.)
The Case will be dismissed for want of jurisdiction.