ed out from time to time to others, or drawn out for his own temporary purposes.

Exceptions to the master's report overruled with costs to be taxed, and master's report confirmed. Receiver ordered to pay over to the master the balance due from him as ascertained by the report of the master, with the interest thereon from the date of the master's report.

*Frederick W. Aiken et al* v. *Runyon W. Martin.* M. T. REYNOLDS and C. A. PUGSLEY, for defendants; S. STEVENS, for Van Epps. Decided that where a deed or instrument which a party wishes to prove as an exhibit is in the hands of a third person who is unwilling to produce the same, the proper course is to compel him to produce it under a subpœna duces tecum, and to have his witnesses in attendance to prove the exhibit, or to be examined in relation thereto, when it is thus produced. That until the deed or instrument is duly proved or is referred to in the examination of some witness in the cause as an exhibit, neither the party nor the examiner has a right to deprive the person producing such deed or instrument of the custody or possession thereof.— That when a deed or other instrument is proved or made an exhibit before the examiner he is bound to retain it and to return it with the original depositions to the register or clerk; unless the parties consent that he may take a copy of the exhibit and return the same instead of the original.

But that where a deed or instrument is in the hands of a third person who produces it under a subpœna duces tecum the party against whom it is produced has no right to insist that the person thus producing it should be sworn as a witness so as to give such party the benefit of a cross examination, although such witness is interested in his favor. That in this court it is the privilege of the person who is thus subpœnaed to produce a paper to be sworn in relation to the production of the paper, to enable him to state upon oath the reasons why he should not be compelled to produce it. That after the witness has been sworn and stated upon oath his reasons why he ought not to be required to produce the paper, if the examiner decides that the reasons are insufficient the wit-

*[margin note: Practice as to producing papers before an examiner.]*

ness must produce the paper ; or the court upon an application for that purpose will compel him to attend again before the examiner and produce the paper, and pay the costs of his former refusal, if it turns out that the decision of the examiner was right.

Motion for an order that Van Epps the witness again appear before the examiner and produce the agreement denied, with $10, costs.

*Runyon W. Martin et al* v. *Frederick W. Aiken et al.* C. A. PUGSLEY, for complainant; C. STEVENS, for defendants. Motion to amend bill of complaint denied with costs.

*George R. Chittenden* v. *James Fisher et al.* B. F. AGAN, for complainant; J. W. THOMPSON, for defendants. Order to take the bill as confessed, and all subsequent proceedings, set aside ; with liberty to defendant to put in his answer, within twenty days. Complainants costs to be costs in the cause.