### In re McADAM.

#### (District Court, S. D. New York. December 23, 1899.)

BANKRUPTCY—OPPOSITION TO DISCHARGE—CONCEALMENT OF ASSETS.

Where an attorney at law, at the time of filing his petition in bankruptcy, had contracts outstanding securing to him a share of the amount to be recovered in suits which he was then prosecuting for clients, *held*, that the right of the trustee to any part of the sums realized on such contracts was so doubtful that the bankrupt's omission of them from his schedule of assets could not be said to amount to a knowing and fraudulent concealment of property, nor to make his verification of the schedule a false oath, such as to forfeit his right to a discharge. .

In Bankruptcy. On bankrupt's application for discharge, and opposition thereto by creditors.

The bankrupt was an attorney at law. At the time his petition was filed he had a number of written contracts outstanding, providing for the payment to him of one-half the recovery as compensation for the prosecution and collection of various claims for damages. These claims were in various stages of progress; some not on the calendar; some on the court calendar for trial; some tried and on appeal. None of these claims was referred to in his schedules of assets. His discharge was opposed on the ground that the creditors were entitled to a certain interest in these contracts and that this interest had been fraudulently concealed and a false oath made by the bankrupt in not including this interest in his schedules. The referee overruled the objections, holding that the bankrupt's contingent interest as attorney was not assignable.

Henry Smith, for bankrupt.
Benjamin B. Kenyon, for creditors.

BROWN, District Judge (after stating the facts as above). I am not wholly satisfied that the trustee might not be entitled to some pro rata part of any moneys hereafter realized on the bankrupt's contracts; but there is such doubt on the question that it is impossible to hold the defendant to have "committed an offense" in acting on the contrary hypothesis, or that in so doing he fraudulently concealed anything, or knowingly made a false oath.

Discharge granted.