■ WESLEY K. STEVES, SR., Individually and as Administrator of the Estate of LINDA L. STEVES, Deceased, Plaintiff, v STEVEN M. SERLIN et al., Defendants. JULIEN & SCHLESINGER, P. C., Appellant; JOHN S. HALL, P. C., Respondent.—Levine, J. Appeal from an order of the Supreme Court at Special Term (Dier, J.), entered September 17, 1985 in Albany County, which, *inter alia,* granted plaintiff's motion for substitution of attorneys and ordered Julien & Schlesinger, P. C., to deliver plaintiff's file to John S. Hall, P. C.

Julien & Schlesinger, P. C., was retained by plaintiff on a contingent-fee basis to commence an action for wrongful death and medical malpractice arising out of the death of plaintiff's decedent. Thereafter, plaintiff sought to substitute John S.

Hall, P. C., as counsel. Hall requested that Julien & Schlesinger execute a consent to the substitution of attorneys and deliver plaintiff's file to it. Upon Julien & Schlesinger's failure to do so, Hall brought on the instant motion seeking an order pursuant to CPLR 321 (b) substituting itself for Julien & Schlesinger and an order compelling Julien & Schlesinger to turn over plaintiff's file. Julien & Schlesinger opposed the motion to the extent of requesting that prior to its releasing plaintiff's file it be reimbursed for some $4,340 in disbursements. Special Term substituted Hall for Julien & Schlesinger, ordered Julien & Schlesinger to deliver plaintiff's file to Hall, and further directed that "payment of disbursements be held in abeyance until the conclusion of this action, at which time, if the plaintiff is successful, reimbursement of disbursements and allocation of fees to each of the plaintiff's attorneys shall be made by the Trial Court".

On appeal, Julien & Schlesinger contend that Special Term erred in directing the trial court to supervise the payment of disbursements to Julien & Schlesinger only upon plaintiff's successful prosecution of his wrongful death and medical malpractice action. We agree.

An attorney's rendition of services and expenditure of disbursements on behalf of a client entitles him to a common-law retaining lien on any of the client's books, papers, money and securities which are in the attorney's possession *(People v Keeffe,* 50 NY2d 149, 155-156). A retaining lien remains in force until the client's account is paid in full and is dependent only upon the attorney's continued possession of the papers, irrespective of the outcome of the litigation involved *(id.; Manfred & Sons v Mortillaro,* 69 AD2d 1019; *Matter of Makames,* 238 App Div 534, 535). Accordingly, Julien & Schlesinger was entitled to retain possession of plaintiff's file so long as a balance remained outstanding on plaintiff's account. Of course, any amount owed was limited to disbursements expended, since Julien & Schlesinger was retained on a contingency basis and no award had as yet been recovered by plaintiff *(see, Matter of Krooks,* 257 NY 329, 332).

Notwithstanding the foregoing, it was within Special Term's power, in the context of the instant motion, to order that the file be delivered, conditional upon either full payment on plaintiff's account or the fixing of security therefor *(Rosen v Rosen,* 97 AD2d 837; *Gamble v Gamble,* 78 AD2d 673; *Manfred & Sons v Mortillaro, supra; Yaron v Yaron,* 58 AD2d 752; *Shatzkin v Shahmoon,* 19 AD2d 658; *cf. Schwed v Parks,* 14 AD2d 806, *lv denied* 11 NY2d 641). Instead, Special Term only

provided for the payment of disbursements in the event plaintiff prevailed in the main action, without expressly providing for payment in the event of an unsuccessful outcome, and failed to fix security. In effect, a statutory charging lien which attaches to the proceeds of an action (Judiciary Law § 475) was substituted for Julien & Schlesinger's retaining lien. However, a charging lien neither encompasses moneys owed for disbursements (Judiciary Law § 475) nor constitutes security for the relinquishment of a retaining lien (Matter of Makames, supra, pp 536-538).

Under the circumstances, we ordinarily would remit and direct Supreme Court to either determine the amount of the lien and fix security therefor or, in the alternative, order plaintiff to compensate Julien & Schlesinger for disbursements as a condition to the release of their file. However, at oral argument, Julien & Schlesinger requested only that the order be modified to provide that the trial court also direct plaintiff to reimburse disbursements in the event they are unsuccessful at trial. Accordingly, the order is so modified.

Order modified, on the law and the facts, with costs to Julien & Schlesinger, P. C., to provide that the payment of disbursements be held in abeyance until the conclusion of the trial, at which point in time, irrespective of outcome, Supreme Court shall direct that they be reimbursed, and, as so modified, affirmed. Casey, J. P., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.