■ CAROL BRAIDER et al., Appellants, v 194 RIVERSIDE OWN-ERS CORPORATION, Defendant. KEVIN J. QUARANTA, Nonparty Respondent. [654 NYS2d 755] —Order, Supreme Court, New York County (Diane A. Lebedeff, J.), entered April 17, 1996, which, in a personal injury action, *inter alia*, held plaintiffs' motion to compel outgoing counsel to turn over their file in abeyance pending receipt of a Special Referee's report as to whether outgoing counsel was discharged with or without cause and as to the reasonable value of his services, unanimously reversed, insofar as appealed from, on the law, without costs or disburse-ments, plaintiffs' motion granted and outgoing counsel directed to turn over plaintiffs' file upon payment to him of his outstanding disbursements and outgoing counsel granted a charging lien on the proceeds of this action, at the conclusion of which the trial court shall determine outgoing counsel's contingent percentage fee.

We find on the basis of the papers submitted before the IAS Court that the outgoing attorney was discharged without cause. Contrary to the IAS Court's conclusion that a factual dispute was presented, we find that plaintiffs' allegations attempting to justify counsel's discharge are largely conclusory and bereft of factual detail. In contrast, counsel's detailed accounting of his representation of plaintiffs over a period of approximately three and one-half years and the reason for his discharge went unchallenged. In such circumstances, a hearing was not required. Since the discharge was without cause, outgoing counsel is entitled to a charging lien on the proceeds of this lawsuit (*People v Keeffe*, 50 NY2d 149, 156), as to which his ser-vices were being performed pursuant to a contingency fee retainer. The determination of outgoing counsel's contingent percentage fee in the event of plaintiffs' recovery is reserved for the trial court at the conclusion of the action. (*Lai Ling Cheng v Modansky Leasing Co.*, 73 NY2d 454, 457-458.) Such lien adequately protects outgoing counsel's interests and he is directed to turn over plaintiffs' file upon payment to him of his outstanding disbursements. Concur—Murphy, P. J., Sullivan, Rubin and Andrias, JJ.