■ SECURITY CREDIT SYSTEMS, INC., Respondent, v CARLO M. PERFETTO, Appellant. [662 NYS2d 674] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court erred in directing defendant to surrender possession of client files before being reimbursed by plaintiff for his disbursements (*see, Braider v 194 Riverside Owners Corp.*, 237 AD2d 147; *Steves v Serlin*, 125 AD2d 780, 781-782; *Cohen v Cessna Aircraft Co.*, 56 AD2d 860). Absent proof of discharge for cause, an attorney is entitled to a retaining lien on the files of a client that are in the attorney's possession until the attorney has been reimbursed for expenses and, as a general rule, the attorney's fee has been determined on a quantum meruit basis and either paid or secured (*Lai Ling Cheng v Modansky Leasing Co.*, 73 NY2d 454, 457-459; *Hom v Hom*, 210 AD2d 296, 298; *Andreiev v Keller*, 168 AD2d 528). Whether to direct that the fee be paid before the client files are turned over or secured by a lien on the proceeds of any recovery is a matter within the court's discretion (*Hom v Hom, supra*, at 298; *Theroux v Theroux*, 145 AD2d 625, 626).

Plaintiff submitted no proof that defendant was discharged for cause. Thus, defendant was entitled to reimbursement for his disbursements before returning the files to the client. However, because it appears from the record that defendant's compensation was to be a percentage of the recovery obtained

in each case, the court properly determined that the amount of defendant's compensation should be determined at the conclusion of litigation in each case (*see, Lai Ling Cheng v Modansky Leasing Co., supra*, at 459), and the court did not abuse its discretion in substituting the statutory charging lien for the retaining lien with respect to the amount of that fee (*see, Braider v 194 Riverside Owners Corp., supra*). Thus, we modify the order by directing plaintiff to reimburse defendant for his disbursements forthwith. If the parties cannot agree on the amount of the disbursements, the court must determine that amount after conducting an expedited hearing (*see,* 7 NY Jur 2d, Attorneys at Law, § 237). (Appeal from Order of Supreme Court, Erie County, Kane, J.—Attorney's Lien.) Present—Denman, P. J., Green, Lawton, Wisner and Balio, JJ.