■ TUFF & RUMBLE MANAGEMENT, INC., Respondent, v LANDMARK DISTRIBUTORS, INC., Defendant. HY SHORE, Nonparty Appellant. [677 NYS2d 788] —Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered December 9, 1996, which, *inter alia*, upon plaintiff client's motion for substitution of counsel, directed appellant outgoing attorney to immediately deliver plaintiff's case file to the incoming attorney, and referred the issue of the reasonable value of appellant's services to a Special Referee to hear and report, unanimously modified, on the law and the facts, to delete the directive to deliver the case file, direct fact finding on the amount of appellant's disbursements, and direct that such amount be paid or secured as a condition to appellant's release of the case file, and otherwise affirmed, without costs. Appeal from the same order, entered in the action bearing index number 603564/92, unanimously dismissed, without costs, as duplicative of the appeal taken from the order entered in the action bearing index number 30918/92.

Since it appears that appellant was retained on a contingency fee basis, and that the underlying action in which appellant represented plaintiff concluded during the pendency of the appeal without any recovery by plaintiff, the amount owed by plaintiff to appellant is limited to the latter's disbursements (*see, Steves v Serlin*, 125 AD2d 780). Absent proof of discharge for cause, appellant cannot be compelled to give up plaintiff's file before such disbursements are paid or secured (*see, Security Credit Sys. v Perfetto*, 242 AD2d 871). Appellant's claim that the incoming attorney should be disqualified from representing plaintiff in the underlying action has been

rendered moot by the dismissal of that action. We have considered appellant's other claims and find them to be without merit. Were we not dismissing the appeal from the second, duplicative, order, we would modify it in the identical manner as we do the first order. Concur—Lerner, P. J., Wallach, Rubin and Saxe, JJ.