Edward C. COSGROVE, Appellant,

v.

TOPS MARKETS, INC., Plaintiff–Appellee,

v.

Quality Markets, Inc., The Penn Traffic Company, Sunrise Properties, Inc. and James V. Paige, Jr., Defendants.

Docket No. 01–9393.

United States Court of Appeals, Second Circuit.

July 3, 2002.

---

Edward C. Cosgrove, pro se, Buffalo, NY, for Appellant.

Denise E. O'Donnell, Hodgson Russ LLP, (Sheldon K. Smith, on the brief), Buffalo, NY, for Appellee.

Present WALKER, Chief Judge, WINTER and F.I. PARKER, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of said district court be and it hereby is **AFFIRMED.**

Appellant Edward C. Cosgrove appeals from the April 4, 2001 order of the district court (Elfvin, *D.J.*) denying his motion for a retaining lien on the case file of his former client, appellee Tops Markets, Inc. ("Tops"), and for an immediate hearing to determine his fees on a *quantum meruit* basis.

In October 1996, Edward Cosgrove was retained by Tops Markets, Inc. ("Tops") "to fully prosecut[e]" an antitrust claim against defendants, Quality Markets, Sunrise Properties, The Penn Traffic Co., and James V. Paige, Jr., and to defend against any counterclaims arising from the case. The retainer agreement provided that Cosgrove would receive a contingent fee of one-third of any recovery, plus the costs of disbursements. On behalf of Tops, Cosgrove filed a complaint in federal district court, alleging violations of the Sherman Antitrust Act, and a complaint in New York state court, alleging violations of state law. Defendant Paige filed a counterclaim against Tops.

The district court bifurcated the federal case into two distinct liability and damages phases. On September 8, 1999, the jury returned a liability verdict against Tops on all counts and in favor of Paige on his counterclaim. A few weeks later, Cosgrove filed motions for a new trial and judgment as a matter of law ("post-verdict motions"), and argued those motions on October 29, 1999. These motions were ultimately denied by the district court on August 10, 2000.

On February 16, 2000, Tops discharged Cosgrove and requested that he turn over the case file to its new attorneys, who would represent Tops at the damages trial and in a potential appeal. Instead of complying with Tops's request, Cosgrove filed a motion in the state and federal courts, claiming that he was entitled to immediate payment of reasonable fees for his services and a retaining lien on the case file until his disbursements had been paid.

On April 4, 2001, the district court denied Cosgrove's motion for fees and a retaining lien. The district court found that he was not entitled to a retaining lien because all disbursements, except for two unsubstantiated disbursements, had been fully paid. The district court warned Cosgrove that Tops would not be liable for these disbursements if he failed to submit evidence showing that they had been authorized by Tops. In addition, the district court held that the jury's adverse verdict on liability concluded Cosgrove's services for Tops and precluded his recovery of attorney's fees. Tops subsequently settled the counterclaim with Paige and agreed to the dismissal of all counts, with prejudice.

■ On appeal, Cosgrove claims that the district court erred in finding that his services were complete at the time of his discharge because (1) the state action was still pending; and (2) in the federal action, the trial for damages had not started, the post-trial motions had not been decided, and Tops had not decided whether to appeal the jury verdict. Because the New York courts are currently deciding the amount of Cosgrove's fees, if any, for his services rendered in the state action, our analysis is limited to whether Cosgrove is entitled to fees on the ground that he was discharged without cause prior to the completion of his services in the federal action.

■ Reviewing the district court's interpretation of New York law *de novo*, we affirm. Under New York law, a client has

the absolute right to terminate the attorney-client relationship at any time, with or without cause. *Cohen v. Grainger, Tesoriero, & Bell (In re Cohen)*, 81 N.Y.2d 655, 658, 602 N.Y.S.2d 788, 622 N.E.2d 288 (1993). For the purposes of this appeal, we assume that Cosgrove was terminated without cause. When a client discharges an attorney retained on a contingency basis without cause prior to the completion of his services, the attorney is entitled to: (a) a retaining lien on the client's file until his disbursements have been fully paid and, as a general rule, his fee has been determined, *Sec. Credit Sys., Inc. v. Perfetto*, 242 A.D.2d 871, 662 N.Y.S.2d 674, 674 (1997) (*"Perfetto"*); *Steves v. Serlin*, 125 A.D.2d 780, 509 N.Y.S.2d 666, 667 (1986), and (b) fair and reasonable compensation for the services rendered on the client's behalf, *see Campagnola v. Mulholland, Minion & Roe*, 76 N.Y.2d 38, 44, 556 N.Y.S.2d 239, 555 N.E.2d 611 (1990); *Cheng v. Modansky Leasing Co.*, 73 N.Y.2d 454, 457–58, 541 N.Y.S.2d 742, 539 N.E.2d 570 (1989). The court retains full discretion to secure the fees and to order the files to be returned to the client before the fees have been paid. *See Perfetto*, 662 N.Y.S.2d at 674; *Steves*, 509 N.Y.S.2d at 667. However, a court may not order the return of the file before the client has fully paid the attorney's disbursements. *Tuff & Rumble Mgmt., Inc. v. Landmark Distribs., Inc.*, 254 A.D.2d 15, 677 N.Y.S.2d 788, 788–89 (1998); *Perfetto*, 662 N.Y.S.2d at 674.

That damages on Paige's counterclaim had yet to be litigated has no effect on Cosgrove's lack of entitlement to attorney's fees. As the New York Court of Appeals has explained, a lawyer discharged without cause is entitled to reasonable compensation for his services because he "did not contract for his contingent compensation on the hypothesis of success or failure by some other member of the bar." *Tillman v. Komar*, 259 N.Y. 133, 135, 181 N.E. 75 (1932). This concern is absent where, as here, the jury's verdict and the district court's denial of the post-verdict motions precluded recovery by Cosgrove. The lack of any possibility of recovery by Tops thus distinguishes the instant motion from the precedents relied upon by Cosgrove. *See, e.g., In re Cohen*, 81 N.Y.2d at 658, 602 N.Y.S.2d 788, 622 N.E.2d 288 (finding attorney in state case allowed to recover fees where plaintiff pursues similar action in federal court with different attorney); *Cheng*, 73 N.Y.2d at 457–58, 541 N.Y.S.2d 742, 539 N.E.2d 570 (finding that attorney discharged prior to commencement of action is entitled to fees).

■ In addition, we note that the post-verdict motions were denied prior to the district court's decision to deny Cosgrove's motion for fees. Under New York law, recovery for attorney's fees is precluded where the underlying case is resolved without recovery by the plaintiff during the pendency of the motion for attorney's fees. *See Tuff & Rumble Mgmt.*, 677 N.Y.S.2d at 788.

■ Furthermore, Cosgrove's claim for fees on the ground that Tops originally considered the possibility of pursuing an appeal at the time of his discharge is meritless in light of Tops's subsequent decision to settle without an appeal. *See Crowley v. Wolf*, 281 N.Y. 59, 66, 22 N.E.2d 234 (1939) (holding that decision not to pursue further litigation is within discretion of client and does not entitle attorney to fees); *Tuff & Rumble Mgmt.*, 677 N.Y.S.2d at 788.

■ Finally, we find that Cosgrove has forfeited any claim that he is entitled to a retaining lien on the client file on the ground that he is owed disbursements. Cosgrove has not challenged the district court's finding that Tops has paid all but

two disbursements. In addition, Cosgrove failed to comply with the district court's order to submit further documentation that the two disbursements at issue were authorized by Tops and has made no specific argument on appeal that he is owed for disbursements. Thus, although the district court should not have ordered the release of the file until after the disbursements had been finally settled, *see Perfetto,* 662 N.Y.S.2d at 674, we find this error to be harmless in light of Cosgrove's present inability to recover any disbursements.

For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED.**