## In re GHAZAL.

(Circuit Court of Appeals, Second Circuit. December 7, 1909.)

No. 66.

1. CUSTOMS DUTIES (§ 136*)—SMUGGLING—INFORMATION LEADING TO PROSECUTION—REWARDS—INTEREST OF INFORMANT.

Under Act Cong., June 22, 1874, c. 391, § 4, 18 Stat. 186 (U. S. Comp. St. 1901, p. 2019), authorizing the allowance of rewards by the Secretary of the Treasury for information leading to the seizure of smuggled goods and the prosecution of smugglers, the Secretary of the Treasury is the sole judge as to whether there is an informer who is entitled to a reward, so that until the Secretary acts the informer has merely an expectancy of reward.

[Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 136.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. BANKRUPTCY (§ 143*)—ASSIGNMENTS—REWARDS—CLAIM AGAINST INFORM-
ANT.
    Bankr. Act July 1, 1898, c. 541, § 70, 30 Stat. 565 (U. S. Comp. St. 1901,
p. 3451), providing that the bankrupt's trustee shall be vested by opera-
tion of law with the title of the bankrupt, as of the date of the adjudi-
cation, of all property which, prior to the filing of the petition, the bank-
rupt could have transferred, etc. *Held*, that since, under Rev. St. § 3477
(U. S. Comp. St. 1901, p. 2320), prohibiting the assignment of claims
against the United States prior to allowance and ascertainment of the
amount due, a bankrupt could not have assigned an expectancy of reward
for information concerning smugglers prior to the allowance of the re-
ward by the Secretary of the Treasury, which did not occur until after
the bankruptcy adjudication, the reward subsequently awarded passed to
the bankrupt, and not to his trustee for the benefit of creditors.
    [Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 143.*]

3. BANKRUPTCY (§ 143*)—ESTOPPEL OF BANKRUPT.
    That a bankrupt did not oppose adjudication sought for on the ground
that certain void assignments of a government reward by the bankrupt
constituted a preference, such fact did not estop the bankrupt from in-
sisting that the reward was not acquired until after the adjudication, and
was, therefore, property which did not pass to his trustee.
    [Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 143.*]

Petition for Revision of Proceedings of the District Court of the
United States for the Eastern District of New York.

In the matter of Selim Elias Ghazal, bankrupt. On petition of the
bankrupt to review an order of the District Court for the Eastern Dis-
trict of New York, denying his application for an order directing the
trustee in bankruptcy to pay to him $428.93, paid to the trustee by the
collector of the port of New York for information given by the bank-
rupt concerning smugglers. Reversed.

For opinions below, see 163 Fed. 602; 169 Fed. 147.

London, Davis & Medale (Monte London, of counsel), for petitioner.
Conrad Milliken, for respondent.

Before LACOMBE, COXE, and WARD, Circuit Judges.

LACOMBE, Circuit Judge. The sum in question was awarded to
Ghazal by the Treasury Department on May 6, 1908, as a reward for
information given by him against smugglers, which information re-
sulted in the discovery and confiscation by the United States govern-
ment of certain smuggled property. The award was made under au-
thority of Act June 22, 1874, c. 391, § 4, 18 Stat. 186 (U. S. Comp.
St. 1901, p. 2019), which provides:

    "That whenever any officer of the customs or other person shall detect and
seize goods, wares, or merchandise, in the act of being smuggled, or which
have been smuggled, he shall be entitled to such compensation therefor as the
Secretary of the Treasury shall award not exceeding in amount one-half of
the net proceeds, if any, resulting from such seizure, after deducting all duties,
costs, and charges connected therewith: provided, that for the purpose of
this act smuggling shall be construed to mean the act, with intent to defraud,
of bringing into the United States, or with like intent, attempting to bring
into the United States, dutiable articles without passing the same, or the pack-
age containing the same, through the custom house, or submitting them to the
officers of the revenue for examination. 'And whenever any person not an of-
ficer of the United States shall furnish to a district attorney, or to any chief,

officer of the customs, original information concerning any fraud upon the customs-revenue, perpetuated or contemplated, which shall lead to the recovery of any duties withheld, or of any fine, penalty, or forfeiture incurred, whether by importers or their agents, or by any officer or person employed in the customs service, such compensation may, on such recovery, be paid to such person so furnishing information as shall be just and reasonable, not exceeding in any case the sum of five thousand dollars; which compensation shall be paid, under the direction of the Secretary of the Treasury out of any money appropriated for that purpose."

It is clear that the statute makes the Secretary of the Treasury the sole judge as to whether there is an informer who is entitled to a share under this section. Until he acts the informer has merely an expectation of reward. Ramsey v. U. S., 14 Ct. Cl. 367. The trustee does not question the accuracy of this proposition.

Section 3477, Rev. St. U. S. (U. S. Comp. St. 1901, p. 2320), provides:

"All transfers and assignments made of any claim upon the United States or any part or share thereof, or interest therein, whether absolute or conditional, and whatever may be the consideration therefor, and all powers of attorney, orders, or other authorities for receiving payment of any such claim, or any part or share thereof, shall be absolutely null and void, unless they are freely made and executed in the presence of at least two attesting witnesses, after the allowance of such a claim, the ascertainment of the amount due, and the issuing of a warrant for the payment thereof, such transfers, assignment, and powers of attorney, must recite the warrant for payment, and must be acknowledged by the person making them, before an officer having authority to take acknowledgments of deeds, and shall be certified by the officer; and it must appear by the certificate that the officer at the time of the acknowledgment, read and fully explained the transfer, assignment or warrant of attorney to the person acknowledging the same."

It is therefore apparent that, before the allowance to him of the $428.93, Ghazal could not have transferred the same, because any such attempted transfer would be null and void, and certainly a hoped-for award, not yet made, could not have been levied upon and sold in judicial process against him.

The relevant provision of the bankrupt act (Act July 1, 1898, c. 541, 30 Stat. 565 [U. S. Comp. St. 1901, p. 3451]) is:

"Sec. 70. That the trustee * * * shall * * * be vested by operation of law with the title of the bankrupt as of the date he was adjudged a bankrupt * * * to all * * * property which prior to the filing of the petition he could by any means have transferred or which might have been levied upon and sold under judicial process against him."

The petition in bankruptcy was filed on April 29, 1908, but the award was not made by the Secretary of the Treasury until May 6, 1909. Under the provisions of statute above cited, therefore the trustee did not take title to this sum of $428.93.

It is contended, and the District Judge reached the conclusion, that the bankrupt was estopped from insisting that title to this sum never passed to the trustee. Before petition was filed Ghazal had made assignments to some of his creditors of certain sums, out of moneys to be paid him by the government, all of which assignments were of course "null and void." It was on the theory that these were preferential that proceedings in involuntary bankruptcy were instituted. Ghazal at first disputed the allegation of the petition, but subsequently

withdrew his answer and consented to an adjudication. The proposition contended for is that:

"When the bankrupt voluntarily receded from his position and endeavored to accept what now appears to be the benefits of the bankruptcy statute in this case, in the way of applying for a discharge from his debts, and at the same time to keep out of the estate in bankruptcy the only property about which the creditors could have attempted to maintain their position * * * the bankrupt is estopped from insisting that upon the 29th of April he could not have transferred his claim against the United States."

We do not find, in the circumstance that he has not chosen to oppose adjudication, sufficient ground for holding him to be estopped from insisting that after-acquired property shall not go to the trustee. No injury has resulted therefrom, and no one has been misled thereby. Nor can we see that the circumstance that he had no property at the time of adjudication is any reason why he should be required to give up after-acquired property, which the bankrupt act did not transfer to his trustee.

The order is reversed.