MARY L. SARGENT, as Administratrix of the Estate of FRANK C. SARGENT, Deceased, Respondent, *v.* DONALD McLEOD et al., Appellants.

**Attorney and client — lien of attorney who died before completion or settlement of a litigation — extent of recovery by his legal representative.**

1. Contracts for personal services requiring skill, which can only be performed by the person named, are held not of absolute obligation, under all circumstances, but subject to the implied condition that the person designated shall be able to perform.

2. When a lawyer dies before he has prosecuted to a judgment or settlement a litigation which he has undertaken to conduct for a certain compensation, his contract is at an end, and the compensation agreed upon cannot be recovered by his representative under the agreement because he did not, and his representatives cannot carry out his agreement. The extent of the recovery permitted his representative is the full reasonable value of the services rendered under the contract, not exceeding, however, the sum or the rate fixed by it.

3. A defendant having knowledge of the lien of an attorney under section 475 of the Judiciary Law (Cons. Laws, ch. 30) may not disregard it upon settlement with the plaintiff and part with the entire fund. He is bound to retain, and the law conclusively assumes he has retained, sufficient to pay the sum which the attorney was entitled to receive.

*Sargent* v. *McLeod*, 155 App. Div. 21, reversed.

(Argued June 19, 1913; decided October 28, 1913.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered January 9, 1913, affirming a judgment in favor

of plaintiff entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*A. H. Cowie* for appellants. The death of Sargent terminated the contractual relation which prior thereto had existed between him and McLeod and the latter then had the right to settle and owed no obligation to Sargent's administratrix. (*Badger* v. *Celler*, 41 App. Div. 599; *Roake* v. *Palmer*, 119 App. Div. 64; *Johnson* v. *Ravitch*, 113 App. Div. 810; *Dolan* v. *Rogers*, 149 N. Y. 489; *Matter of Robins*, 61 Misc. Rep. 114; *Tenney* v. *Berges*, 93 N. Y. 524; *Scoby* v. *Rose*, 5 Ind. 445; *Faatz* v. *Garrison*, 83 Ill. 60; *Moyers* v. *Graham*, 83 Tenn. 57.)

*Stewart F. Hancock* for respondent. Mr. Sargent fully performed his contract when he rendered services which resulted in a recovery satisfactory to his client; therefore, the amount of his lien is governed by the contract. (*Fischer-Hansen* v. *B. H. R. R. Co.*, 173 N. Y. 492; *Morehouse* v. *B. H. R. R. Co.*, 185 N. Y. 520; *Oishei* v. *M. R. R. Co.*, 110 App. Div. 709; *Oishei* v. *Penn. R. R. Co.*, 117 App. Div. 110; *Lloyd* v. *Matthews*, 51 N. Y. 124; *Sussdorf* v. *Schmidt*, 55 N. Y. 3; *Kiernan* v. *Bloom*, 91 App. Div. 429; *Lord* v. *U. S. Transp. Co.*, 143 App. Div. 437; *Clark* v. *Gilbert*, 26 N. Y. 279; *Wolfe* v. *Howes*, 20 N. Y. 197.) An attorney's lien upon his client's cause of action is a property right which survives the termination of the relation of attorney and client and which is unaffected by death; therefore, Mr. Sargent's lien did not cease *ipso facto* upon his death. (Code Civ. Pro. § 66; *Fischer-Hansen* v. *B. H. R. R. Co.*, 173 N. Y. 492; *Morehouse* v. *B. H. R. R. Co.*, 185 N. Y. 520; *Oishei* v. *M. R. R. Co.*, 110 App. Div. 709; *Oishei* v. *Penn. R. R. Co.*, 117 App. Div. 110; *Mullen* v. *City of New York*, 23 Civ. Pro. Rep. 261;

*Field* v. *City of New York,* 6 N. Y. 179; *Chester* v. *Jumel,* 24 N. Y. S. R. 214; *Dodge* v. *Schell,* 10 Abb. [N. C.] 465; *Matter of Dept. of Public Works,* 167 N. Y. 501.)

Collin, J.　The action is for the determination and foreclosure of an alleged lien had under section 475 of the Judiciary Law (Laws of 1909, chap. 35; Cons. Laws, ch. 30) by the intestate, Frank C. Sargent, an attorney, upon a cause of action in favor of his client, Donald McLeod, against the New York Central and Hudson River Railroad Company.

Section 475 is: "From the commencement of an action or special proceeding, or the service of an answer containing a counterclaim, the attorney who appears for a party has a lien upon his client's cause of action, claim or counterclaim, which attaches to a verdict, report, decision, judgment or final order in his client's favor, and the proceeds thereof in whomsoever's hands they may come; and the lien cannot be affected by any settlement between the parties before or after judgment or final order. The court upon the petition of the client or attorney may determine and enforce the lien."

The essential and determining facts, as found by the trial court and unanimously affirmed by the Appellate Division, are: McLeod having sustained personal injuries while in the performance of his duties as a fireman of the railroad company retained the intestate by a written contract to commence an action against the railroad company to recover his damages sustained by reason of its negligence and agreed to pay him one-third of the amount received in case the claim was settled without trial and fifty per cent of the amount received in case of trial whether the same was compromised thereafter or not. The intestate caused a notice of claim under the Employers' Liability Act and a summons and complaint in the action to be served upon the railroad company. The

company duly appeared and answered in that action
denying its negligence.   In October, 1910, and as the
action was about to be tried, the intestate died and the
plaintiff was immediately appointed, and retained attor-
neys in behalf of the estate.   Thereupon a conversation
between McLeod and one of those attorneys in reference
to their substitution as his attorneys in the action was had
at her request; but the substitution was not made and he
did not counsel with any other attorney as to the continu-
ance of the action, nor did any attorney other than the
intestate render any services in the action.   In Novem-
ber, 1910, the railroad company, having express notice of
the contract between McLeod and the intestate, and
agreeing to protect McLeod against any liability there-
under in favor of the plaintiff and acting in good faith
and in the belief that the intestate's death terminated the
contract and that no lien thereafter existed in favor of
the plaintiff, settled the action and claim by paying
McLeod $5,000.00.   The legal services of the intestate
under the contract were the cause of the settlement at
that amount.   McLeod at all times subsequent to the
injury, except only at the time of the settlement, was
insolvent.   The trial court determined the lien of the
intestate at $1,666.66, one-third of the $5,000.00 as stipu-
lated in the contract, and adjudged its foreclosure.

It is manifest that our first inquiry should be as to the
nature and amount of the liability or obligation of
McLeod to the plaintiff.  In any aspect, the liability of
the railroad company to the plaintiff does not exceed that
of McLeod.   The plaintiff could not recover from McLeod,
under and by virtue of the contract between him and the
intestate, the compensation McLeod agreed to pay,
because the intestate did not wholly perform the obliga-
tions it imposed upon him.   It obligated him to prosecute
or ripen the cause of action into moneys received by
McLeod through either a judgment or a settlement.   He
ceased to act before a settlement was made and as the

cause was about to be tried. It is true that the cessation in performance was caused by his death, but it left undone that which he had agreed to do precisely as though it resulted from a physical or mental incapacitation at that time, or a capricious or unjustifiable abandonment of the case. It left the trial and the proceedings terminating in a judgment and its collection if in favor of McLeod, or the negotiations and transactions terminating in a settlement. The fact that the intestate in his lifetime did every act which was proper and necessary for him in order to protect and promote the interests of his client in the action, and that his services were the cause of the settlement, neither evidences nor effects the complete fulfillment of his obligations. What the issue of the cause would have been had the intestate been permitted to fulfill the contract is unknowable and nothing to the purpose. The intestate did not do that which he promised and which alone entitled him to the stipulated compensation from McLeod.

Not only was the performance which bound McLeod to pay the stipulated compensation incomplete at the death of the intestate, but the death abrogated the contract. It was within the rule that contracts for personal services requiring skill, which can only be performed by the person named, are held not of absolute obligation, under all circumstances, but subject to the implied condition that the person designated shall be able to perform. If a lawyer dies before he has prosecuted to a judgment or settlement a litigation which he has undertaken to conduct for a certain compensation, his contract is at an end, because both parties must be supposed to contemplate the continuance of his ability to perform as a condition of the contract (*Baxter* v. *Billings*, 83 Fed. Rep. 790; *Matter of Dunn*, 205 N. Y. 398; *Spalding* v. *Rosa*, 71 N. Y. 40; *Lacy* v. *Getman*, 119 N. Y. 109; *Blakely* v. *Sousa*, 197 Pa. St. 305), and the compensation agreed upon cannot be recovered by his representative under the agreement

because he did not and his representative cannot carry out his agreement. The extent of the recovery permitted his representative is the full reasonable value of the services rendered under the contract, not exceeding, however, the sum or the rate fixed by it. (*Baxter* v. *Billings,* 83 Fed. Rep. 790; *Wolfe* v. *Howes,* 20 N. Y. 197; *Spalding* v. *Rosa,* 71 N. Y. 40; *Baylor* v. *Morrison,* 2 Bibb (Ky.), 103; *Ryan* v. *Dayton,* 25 Conn. 188; *Parker* v. *Macomber,* 17 R. I. 674; *Coe* v. *Smith,* 4 Ind. 79.) The application of this principle to the present case compels the conclusion that McLeod was bound to pay the plaintiff the sum of the reasonable value of the services rendered him by the intestate and that only.

By virtue of section 475 of the Judiciary Law a lien upon McLeod's cause of action in favor of and securing to the intestate his lawful compensation arose at the commencement of the action against the railroad company. The lien did not spring from the contract, but from the statute, and it secured the compensation of the intestate as payable under correct legal rules. When the settlement was arranged, the stipulated fund which by payment to McLeod was to carry it out and into which the cause of action was transformed was charged with the lien. The defendant having knowledge of the lien may not say that it disregarded it and parted with the entire fund. It was bound to retain and the law conclusively assumes it has retained sufficient to pay the sum which the plaintiff was entitled to receive. (*Fischer-Hansen* v. *Brooklyn H. R. R. Co.,* 173 N. Y. 492; *Oishei* v. *Penn. R. R. Co.,* 117 App. Div. 110; affd., 191 N. Y. 544; *Peri* v. *New York Central & H. R. R. Co.,* 152 N. Y. 521.)

The judgment should be reversed and a new trial ordered, costs to abide event.

CULLEN, Ch. J., WERNER, WILLARD BARTLETT, CHASE and CUDDEBACK, JJ., concur; HOGAN, J., not sitting.

Judgment reversed, etc.