## In re BROWN.

(Circuit Court of Appeals, Second Circuit. December 2, 1924.)

No. 74.

Bankruptcy &⇒138(1) — Order apportioning compensation earned by bankrupt as receiver in state court between him and trustee held proper.

Where bankrupt, at the time of his petition, was acting as receiver under appointment by state court, and continued to so act during bankruptcy proceedings, an order awarding him one-third of his compensation as receiver, and providing that two-thirds be paid to the trustee, was proper; the allowance to him representing his services before filing petition.

Petition to Revise Order of the District Court of the United States for the Southern District of New York.

In the matter of Harold L. Brown, bankrupt. Petition by bankrupt to revise an order of the District Court, which denied a motion to direct trustee to pay to the bankrupt an allowance made to him as receiver in a state court proceeding. Order affirmed.

Johnston & Messler, of New York City (Benjamin E. Messler, of New York City, of counsel), for petitioner.

Lewis H. Saper, of New York City, for respondent.

Before ROGERS, HOUGH, and MANTON, Circuit Judges.

MANTON, Circuit Judge. Harold L. Brown filed a petition in bankruptcy on November 28, 1922, and on March 14, 1923, was adjudicated a bankrupt. In the schedules which he filed, he made note of a claim of a sum of money that might come to him as an allowance as a receiver of a corporation in Indiana, to which office he was appointed by the state court of Indiana. But he claimed, in his schedules, that, if an allowance were made, it would not be an asset which would pass to the bankrupt's estate. On March 28, 1923, the Greene circuit court

of Indiana made an order allowing him $1,-265. This award was not paid to the petitioner, and he made a motion praying for an order authorizing payment to him, and directing the trustee in bankruptcy to consent thereto. An order was entered providing that one-third of the allowance be paid to the petitioner and two-thirds to the trustee in bankruptcy.

It appears that he performed two-thirds of the services prior to the filing of his petition in bankruptcy and one-third thereafter. When a receiver performs services in connection with his trust, it is expected that he will be compensated therefor. The amount of allowance, of course, rests in sound judicial discretion. A receiver has no right of claim to compensation prior to the termination of the proceedings or the suit in which he is a receiver. Death may relieve a receiver, and still his administrator or executor would be entitled to such allowance as the court may grant. Comegys v. Vasse, 26 U. S. (1 Pet.) 218, 7 L. Ed. 108. There was at least a possibility of payment for the services rendered up to the time of the petition in bankruptcy, and therefore an expectancy of an interest in the sum of money subsequently paid; that is a possibility coupled with an interest. Williams v. Heard, 140 U. S. 529, 11 S. Ct. 885, 35 L. Ed. 550.

In Milnor v. Metz, 41 U. S. (16 Pet.) 221, 10 L. Ed. 943, a claim for extra pay for additional services rendered by a bankrupt was made, which, although presented to Congress, was not recognized by that body, or specified, until some time afterwards, and the court held that the bankrupt's share passed to his assignee as part of the bankrupt's estate. The doctrine of a donation did not apply. In Re Evans (D. C.) 253 F. 276, the District Court in Tennessee held, where an employee was awarded an increase in wages, which was pending and undetermined when the railroads were taken over by the government, and where he remained in the service on the promise of an increase thereafter, and where the increase was allowed and paid in to the bankruptcy court, that so much of said increase as was earned prior to the time of bankruptcy was payable to the trustee as part of that estate. In the case of In re Ghazal, 174 F. 809, 98 C. C. A. 517, there was a statutory prohibition against the assignment of a claim which was subsequently collected, and it was held that section 70a of the Bankruptcy Act (Comp. St. § 9654) did not apply.

We think that the respondent has been properly awarded that part of the allow-

ance which was earned prior to the petition in bankruptcy, and that the order below is right.

Order affirmed.