**In re COLEMAN.**

**No. 243.**

Circuit Court of Appeals, Second Circuit.

Feb. 8, 1937.

Henry E. Coleman, of New York City, in pro. per.

M. W. Markowitz, of New York City (Nathan A. Markowitz, of New York City, of counsel), for trustee-appellee.

Before MANTON, SWAN, and CHASE, Circuit Judges.

MANTON, Circuit Judge.

The order appealed from grants the trustee's motion to determine the amount of an attorney's lien due to the bankrupt on a judgment he had recovered for a client, with directions that he pay the amount to the trustee. The bankrupt, an attorney at law, in March, 1933, commenced an action in the Supreme Court of Kings county on behalf of a client to recover damages for personal injuries. His retainer provided that he receive 40 per cent. of any recovery either by way of judgment or settlement; and no fee otherwise.

January 21, 1936, the bankrupt filed his voluntary petition in bankruptcy and was adjudged a bankrupt that day. At that time the personal injury cause was pending and undetermined. On March 11, 1936, a judgment was entered in favor of the bankrupt's client for $4,000. After an appeal to the New York Appellate Division of the Supreme Court, Second Department, the judgment was affirmed June 16, 1936. Cantor v. Vim Electric Co., 248 App.Div. 734, 290 N.Y.S. 144. The trustee then made claim to the fee earned by the bankrupt. The bankrupt moved to restrain the trustee from interference with the collection of the legal fees due him, claiming that on January 21, 1936, the lien of the bankrupt was not property within the purview of section 70 of the Bankruptcy Act (30 Stat. 565, as amended [11 U.S.C.A. § 110]) and that the trustee had no right to any part of these legal fees, which accrued and became payable subsequent to the date of adjudication. The trustee moved that the amount of the lien be determined with directions that it be paid to him. The latter motion was granted; the former denied.

Section 70a of the Bankruptcy Act (11 U.S.C.A. § 110(a) (5) provides that the trustee of the estate of a bankrupt upon his appointment and qualification is vested by operation of law "with the title of the bankrupt, as of the date he was adjudged a bankrupt, except in so far as it is to property which is exempt, to all * * * (5) property which prior to the filing of the petition he could by any means have transferred or which might have been levied upon and sold under judicial process against him."

Under the state law, section 475 of the Judiciary Law of New York (Consol. Laws c. 30), an attorney has a lien upon the cause of action, from the commencement

thereof, which attaches to the proceeds of a judgment in his client's favor. The statute creates a charging lien different from the one at common law which did not arise until judgment and might therefore be defeated by an honest settlement. See Beecher v. Vogt Mfg. Co., 227 N.Y. 468, 471, 125 N.E. 831. The lien secures not only the contract of retainer but the payment of the reasonable value of services where the attorney has been wrongfully discharged, Matter of Weitling, 266 N.Y. 184, 194 N.E. 401, or has died before a settlement or judgment, Sargent v. McLeod, 209 N.Y. 360, 103 N.E. 164, 52 L.R.A.(N.S.) 380. While the statute refers to the "attorney who appears for a party," and it has therefore been said that the attorney of record alone is entitled to a lien, Holmes v. Bell, 139 App.Div. 455, 124 N.Y.S. 301, it has been held by the lower state courts that the lien may be transferred or assigned, Muller v. City of New York (Com.Pl.) 29 N.Y. S. 1096; Leask v. Hoagland, 64 Misc. 156, 118 N.Y.S. 1035. Cf. also, Woodbury v. Andrew Jergens Co., 69 F.(2d) 49 (C.C.A.2).

Assuming that the right of transfer exists, we must still determine whether an attorney under a contingent fee contract, prior to the creation of a fund by a favorable judgment or settlement, possesses any property or property right which passes to the trustee in bankruptcy. We think that he does not. Under the contract, the bankrupt had no rights till the services were fully performed and a fund was created, In re Woodworth, 85 F.(2d) 50 (C.C.A.2); and at common law no lien arose until that time. The absence of property which could pass to the trustee would therefore seem obvious unless section 475 of the Judiciary Law of New York has altered the situation in this respect. The statutory lien attaches to the cause of action from the commencement of the suit. This merely means that the attorney receives additional protection; the charging lien secures his suit for reasonable services and guards him against a settlement between the parties. In thus supplying a new remedy the lien may be said to go beyond the contract. Sargent v. McLeod, supra. But it does not enlarge his contractual rights. The bankrupt was still bound by his contingent fee contract, and under its terms there could be no claim to compensation unless and until a fund was created by a judgment or settlement. The statutory lien automatically attached to

the fund; previously it was merely a lien upon the cause of action. The bankrupt continued to perform services under this contract after the petition in bankruptcy was filed; thereafter a judgment was obtained and on appeal was affirmed.

Section 70 of the Bankruptcy Act enumerates classes of property which pass to the trustee but no general definition of the term is attempted. Memberships in a Board of Trade or Stock Exchange constitute assets of the bankrupt though they are subject to conditions of forfeiture, suspension, and termination. Board of Trade of Chicago v. Johnson, 264 U.S. 1, 44 S. Ct. 232, 68 L.Ed. 533; Page v. Edmunds, 187 U.S. 596, 23 S.Ct. 200, 47 L.Ed. 318; Board of Trade, etc., v. Weston, 243 F. 332 (C.C.A.7). The significant factor is that they have a calculable value regardless of those conditions; or, rather, a value which takes those conditions into consideration. In Re Brown, 4 F.(2d) 806 (C. C.A.2), we said that where a receiver, who later became a bankrupt, performs services, the trustee is entitled to that part of the receiver's allowance earned prior to the petition. Though, strictly, no part is earned until the estate is distributed and a final allowance is made, his services have a pro rata value as they are performed which is capable of estimation. So in Re Wright, 157 F. 544, 18 L.R.A.(N.S.) 193 (C.C.A.2), we held that the bankrupt's commissions upon renewal premiums passed to the trustee though they did not accrue until after bankruptcy; the contracts of insurance had been obtained at the time of the filing of the petition and the collection of premiums, largely a "ministerial act," alone remained. The commissions therefore were substantially earned; and, though the actual amounts to be received might not be ascertained precisely, a present value for services already performed certainly existed.

At the time of the filing of the petition here, all that the bankrupt had was a lien upon the cause of action, with the effect described above, and a contract providing for a contingent fee. The services performed were then without property value within section 70 and might very well have gone altogether uncompensated. Nothing had been earned under the bankrupt's contract. It is not enough that as the events transpired a judgment was obtained and a fund

created to which the lien attached. The statutory lien supplies a remedy with its attendant rights, not property or a property right as required by the Bankruptcy Act.

Order reversed.

SWAN, Circuit Judge, concurring in result.