LENA CANTER et al., Appellants, *v.* FRANK ARANOW, Respondent.

Supreme Court, Appellate Term, Second Department, April 22, 1944.

*Ralph E. Schneider* for appellants.

*Frank Aranow,* respondent in person.

MEMORANDUM *Per Curiam.* Judgment unanimously reversed on the law and new trial granted, with costs to plaintiffs to abide the event. It was error to dismiss the complaint at the end of the plaintiff's proof. A prima facie case was established. The jury could have found that before section 276 of the Penal Law went into effect, the defendant, as attorney for the executors of the deceased's estate, entered into an agreement whereby he was to take over some of the unfinished matters of the deceased attorney and divide with the estate 50% of all fees received by him in such matters. Such agreement, so far as the estate was concerned, was not invalid. (*Irwin* v. *Curie,* 171 N. Y. 409.)

The agreement in 1939 was but confirmatory of some prior arrangement. The jury could have found the prior arrangement antedated the enactment of section 276 of the Penal Law

and that the plaintiffs, by agreement, had become the only persons entitled to the funds of the estate. On the evidence it could have been found that there was consideration for the promise by defendant to pay over one half of the fees obtained by him. The death of the attorney canceled his contracts with clients and the estate could not compel the clients to hire defendant. However, from plaintiffs' Exhibit 1 it could have been found that there were matters left by the deceased which had value. That exhibit states: " Amount due the Estate re Canter litigation $676.34 ". The death of an attorney does not always leave his estate without some rights against clients whose contracts have not been completely performed solely by reason of the attorney's death. (*Sargent* v. *McLeod,* 209 N. Y. 360; *Payne's Succession,* 155 La. 177.)

MacCrate and McCooey, JJ., concur; Steinbrink, J., taking no part.