SAUL E. ROGERS, Plaintiff, v. ROBERT ARONSTEIN et al.,
Defendants.

Supreme Court, Special Term, New York County, October 17, 1945.

*Robert Aronstein,* defendant in person.

*Sol Ringel* for plaintiff.

*Lawrence S. Timen* for Charles A. Rogers and others, as executors of Gustavus A. Rogers, deceased, defendants.

BOTEIN, J.  I shall accept the defendant's letter of October 8, 1945, together with the answering and reply letters, as an application for reargument.  The application is granted, and upon such reargument, I adhere to my original decision, for reasons hereinafter discussed.

In this action seeking to recover for legal services rendered pursuant to a written agreement the individual defendant moves under rule 106 of the Rules of Civil Practice to dismiss the complaint for failure to state facts sufficient to constitute a cause of action. Plaintiff and the representative defendants' testator entered into an agreement with the individual defendant whereby all three were to render certain legal services in an action pending in the United States court and in a proceeding instituted in connection therewith. The agreement provided that the moving defendant was to receive 60% of the fee in the specified proceeding and 50% of all other fees received in connection with the Federal court suit, and the balances were to be paid plaintiff and the representative defendants' testator. The agreement was made in September, 1943, the proceeding was terminated in June, 1944, and the death of the representative defendants' testator occurred in March, 1944. The complaint specifically alleges that thereafter plaintiff rendered all the services contracted for, that same were accepted by the individual defendant and that such acceptance constituted a reaffirmance, continuance of the agreement and/or a waiver of performance by the deceased party. It is further alleged that in July, 1944, plaintiff and moving defendant allegedly joined in an application in the District Court for an allowance for services and the sum of $45,000 was allowed them.

It is urged by the movant that the agreement was personal in nature and that it terminated with the death of one of the parties. *Matter of Levy* (207 App. Div. 183) and *Sargent* v. *McLeod* (209 N. Y. 360) are relied upon in this regard. In the former case it was held that a partner of the plaintiff was retained for the special purpose of trying a law suit, and that his death made it impossible for his partners to perform. The situation alleged here is not analogous and it may be further noted that the court held that an alleged arrangement between the client and the deceased attorney's partners to continue the case with other trial counsel supplied by the partners had not been proved. In the second case, Sargent, a single practitioner, died on the eve of trial, and although the case was subsequently settled, his contingent retainer was not honored. The court held that a *quantum meruit* was the only basis of recovery.

It appears that the facts alleged in the complaint in this action present a different situation. The relationship between plaintiff and the deceased lawyer is in the nature of a joint venture, as the same is defined in *Forman* v. *Lumm* (214 App. Div. 579). It further appears from the allegations, which must

be accepted at face value on this motion, that the moving defendant accepted the services of the surviving coadventurer. These allegations would seem to bring the complaint within the rules enunciated in *Ongley* v. *Marcin* (180 App. Div. 685) and *Clifton* v. *Clark* (83 Miss. 446). In the former case a playwright engaged by a producer to write a play became associated with another in the same project. The first playwright having died, the second completed the work and the producer accepted it. In an action between the estate of the deceased playwright and the survivor it was held that the survivor having completed the work and the producer having accepted, the rule in *Sargent* v. *McLeod,* (*supra*) did not apply.

A judgment in favor of plaintiff in the *Ongley* v. *Marcin* case (*supra; 225* App. Div. 733) was reversed as to the producer defendant by the Court of Appeals under the title of *Losch* v. *Marcin* (251 N. Y. 402). The opinion of the Court of Appeals in the *Losch* v. *Marcin* case (*supra*) does not in any wise weaken the applicability of *Ongley* v. *Marcin* (*supra*) to the instant case, as is indicated by the following statement, quoted from the *Losch* case (*supra,* p. 411): '' The burden rested upon the plaintiff to allege performance by Ongley of the obligations cast upon him by the Woods contract, or an excuse for nonperformance, in order that a recovery upon the obligations entered into by Woods might be rightfully asserted. The plaintiff did neither. She did not assert that ' Cheating Cheaters ' was written by Ongley and Marcin, or delivered on or before April 1st, 1915. Neither did she assert that the manuscript of that play was accepted by Woods in satisfaction of his contract with Ongley.''

The allegations contained in paragraphs 14 and 15 of the complaint herein supply the essentials found lacking in the complaint discussed in the *Losch* case (*supra*).

Particularly analogous is *Clifton* v. *Clark* (*supra*) and the court adopts the reasoning of that case. The allegation that plaintiff completed the services and that the moving defendant accepted same brings the complaint squarely within the rule in this case, where it is said that when '' one of that firm dies before the contract is finally completed, the client then has the option of abrogating the contract * * * and employing other counsel * * *.'' (P. 465.) If however this '' option of finally terminating the contractual relations '' is not exercised and the parties '' contented themselves with allowing the surviving partner to remain in control of and conduct the business to its close, and this was a recognition and a continuance

of their original contract " (pp. 470–471), the party or parties so recognizing and continuing the contract are liable according to its tenor. The alleged relationship between plaintiff and the deceased attorney in the case which we have at bar, having the appearance of a joint venture rather than of a partnership, is sufficiently similar to make the enunciated rule applicable. The contention that much remains to be done under the agreement may not be urged at this time, since the contract is severable by its very terms, and the services in the matter for which payment is now sought have been completed. The severability of the contract is evidenced by the provision for different rates of compensation for general services and for services to be rendered in the specified proceeding.

Accordingly, motion is denied.