■ FREDERIC D. WALKER, Appellant, v. KREINDLER & KREINDLER, Respondents.— Judgment, Supreme Court, New York County, entered on January 12, 1973, unanimously reversed, on the law, without costs and without disbursements, and vacated, and the application to direct respondents-respondents to turn over moneys held by them to petitioner-appellant granted, respondents' motion to dismiss denied; and the Clerk is directed to enter judgment in favor of petitioner accordingly. Petitioner-appellant had recovered a judgment against one Vergoth, an attorney, to whom respondents owe the

moneys withheld. Vergoth is bankrupt, and entered the then contingent fee owed by respondent as an asset of his estate; neither petitioner's claim nor his subsequent judgment against Vergoth appeared in the schedules. Prior to the filing of the bankruptcy petition, Vergoth had been retained on a contingent basis and he thereafter retained respondents as trial counsel, the case being subsequently settled. Vergoth's share was retained by respondents as stakeholders, subject to court order. The sum in litigation is clearly after-acquired property, as defined in *Matter of Coleman* (87 F. 2d 753), and is not part of the bankrupt's estate. Both Referee and trustee in bankruptcy, having been notified of this proceeding, have chosen not to come in and contest payment to petitioner, with which disposition respondents agree. Clearly, then, petitioner is entitled to the fund. Concur — McGivern, J. P., Markewich, Nunez, Kupferman and Tilzer, JJ.