**In re Gregory W. BAGEN, d/b/a Gregory W. Bagen, Attorney at Law, and Carol K. Bagen, Debtors.**

**Paul L. BANNER, as Trustee for Gregory W. Bagen, d/b/a Gregory W. Bagen, Attorney at Law, and Carol K. Bagen, Plaintiff,**

v.

**Gregory W. BAGEN, Defendant.**

**Bankruptcy No. 92–32517.**
**Adv. No. 94–7079.**

United States Bankruptcy Court,
S.D. New York.

Sept. 28, 1995.

---

Gregory W. Bagen, Brewster, NY, debtor/movant, pro se.

Banner & Banner, Poughkeepsie, NY, for trustee/respondent.

## INTRODUCTION

JEREMIAH E. BERK, Bankruptcy Judge.

Pursuant to section 542 of the Bankruptcy Code, the Chapter 7 Trustee requests that the Debtor/attorney turnover funds attributable to prepetition, personal-injury contingent-fee retainer contracts with his clients. The Debtor here moves to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), contending that he had no prepetition right to payment under the contingent-fee contracts and, therefore, any attorney fees subsequently paid to him on these contracts are not property of his bankruptcy estate. For the reasons stated below, the Debtor's motion to dismiss is denied.[1]

## FACTS

Gregory W. Bagen, d/b/a Gregory W. Bagen, Attorney at Law ("Bagen"), and his wife filed a joint petition for bankruptcy relief under Chapter 7 of the Bankruptcy Code

---

1. Subject matter jurisdiction over this proceeding exists pursuant to 28 U.S.C. §§ 1334(b), 157(a) and the "Standing Order of Referral of Cases to Bankruptcy Judges of the Southern District of New York" dated July 10, 1984 (Ward, Acting C.J.). This is a core proceeding under 28 U.S.C. § 157(b)(2)(E).

("Code") on October 22, 1992. At the time of the bankruptcy filing, Bagen was the attorney of record for various plaintiffs in personal injury actions pending in state courts. His prepetition retainer agreements provided for payment of attorney's fees to him contingent upon settlement of or recovery in those actions. At the commencement of his bankruptcy case, the personal injury actions were in various stages of litigation, from initial discovery to appeal. The Chapter 7 Trustee seeks to apportion and recover for this estate only those attorney's fees earned prepetition (*i.e.*, fees attributable to Bagen's prepetition services) and paid or to·be paid postpetition.

## DISCUSSION

A motion to dismiss a complaint for failure to state a claim should be granted only when "it appears beyond doubt that the plaintiff can prove no set of facts in support of [the] claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). In determining such a motion, "the issue is not whether a plaintiff will ultimately prevail but whether a claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974).

In support of his Motion to Dismiss Trustee's Complaint, Bagen advances two arguments: (1) the Second Circuit Court of Appeals has held, albeit under the former Bankruptcy Act, that a debtor/attorney's contingent right to payment of fees is not property of the bankruptcy estate; and (2) case law under the Code supports the proposition that fees received postpetition, and attributable to prepetition contingent contracts, are not property of the bankruptcy estate if all acts necessary to earn those fees were not completed prepetition.

Pursuant to retainer agreements with his clients, Bagen is to receive payment only if the condition precedent—successful resolution of the prepetition personal injury claims—occurs. A condition precedent is "an event, not certain to occur which must occur

unless its nonoccurrence is excused, before performance under the contract becomes due." Restatement (Second) of Contracts § 224; *see also Internatio–Rotterdam, Inc. v. River Brand Rice Mills, Inc.,* 259 F.2d 137, 139–40 (2d Cir.1958). The issue, therefore, is whether a prepetition contingent contract right to payment is property of the bankruptcy estate even though the debtor is entitled to nothing unless and until the condition precedent occurs?[2]

### 1. *Pre–Code Law*

Prior to the enactment of the Bankruptcy Reform Act of 1978, section 70 of the Bankruptcy Act of 1898 addressed whether contingent fees earned prepetition but paid postpetition were property of the bankruptcy estate.

■ That section provided in pertinent part:

a. The trustee of the estate of a bankrupt ... upon his ... appointment and qualification, shall in turn be vested by operation of law with the title of the bankrupt as of the date of filing the petition initiating a proceeding under this Act, except insofar as it is to property which is held to be exempt, to all of the following kinds of property wherever located ... (5) property, including rights of action, which prior to the filing of the petition he could by any means have transferred or which might have been levied upon and sold under judicial process against him, or otherwise seized, impounded, or sequestered....

11 U.S.C. § 110(a)(5) (repealed 1978). Thus, "[u]nder the Act, a contingent interest in personal property passed to the trustee only if it was capable of being assigned or was subject to execution, seizure, or sequestration." *Rau v. Ryerson (In re Ryerson ),* 739 F.2d 1423, 1425 (9th Cir.1984).

In *In re Coleman,* 87 F.2d 753 (2d Cir. 1937), the Second Circuit Court of Appeals held that the fee earned under a bankrupt/attorney's prepetition contingent-fee contract, which had not resulted in a fund as of the

---

**2.** For a comprehensive discussion of this issue, see generally, George R. Pitts, *Rights to Future Payment as Property of the Estate Under Section* *541 of the Bankruptcy Code,* 64 Am.Bankr.L.J. 61 (1990).

petition date, was not property of the bankruptcy estate within the meaning of section 70 of the Bankruptcy Act. *Id.* at 754. There, when the attorney filed for bankruptcy protection he was attorney of record for a client in a pending personal injury action commenced years earlier. Postpetition, a money judgment was obtained in favor of the injured client, and the bankruptcy trustee's motion to value the attorney's charging lien and recover the resulting contingent attorney's fee was granted. *Id.* at 753.

The bankrupt/attorney appealed, contending that an attorney's charging lien, pursuant to section 475 of the New York Judiciary Law,[3] was not property of the estate within the meaning of section 70(a)(5) of the former Bankruptcy Act. The Second Circuit Court of Appeals agreed and reversed, concluding that under New York State common law, an attorney would have no rights under a contingent-fee contract until the "services were fully performed and a fund was created." *Id.* at 754 (citing *In re Woodworth,* 85 F.2d 50, 51 (2d Cir.1936) (holding trustee not entitled to fees under prepetition contract that had not resulted in fund on date of filing)). Section 475 of the New York Judiciary Law did not enlarge the "contractual rights." *Id.* Rather, the court concluded, section 475 created a "new remedy," which does not give an attorney the right "to compensation unless and until a fund was created by a judgement or settlement." *Id.* Thus, the remedy created by the New York Judiciary Law was not property or a property right on the date bankruptcy was filed. *Id.* at 755.

Moreover, the *Coleman* court noted that for an asset to be considered property of the estate under section 70, the asset must have a "calculable value." *Id.* at 754. It concluded that since there was no fund at the time the bankruptcy petition was filed, "[t]he services performed [by the attorney] were then without property value within section 70 and

might very well have gone altogether uncompensated." *Id.*

## 2. *The Bankruptcy Reform Act of 1978*

Section 541(a) of the Bankruptcy Code now defines property of the bankruptcy estate to include:

(1) ... all legal or equitable interests of the debtor in property as of the commencement of the case.

. . . .

(6) Proceeds, product, offspring, rents, or profits of or from property of the estate, except such as earnings from services performed by an individual debtor after the commencement of the case.

11 U.S.C. § 541(a).

With the passage of the Code, Congress substantially broadened the scope of property of the estate. *See United States v. Whiting Pools, Inc.,* 462 U.S. 198, 204–205, 103 S.Ct. 2309, 2313–14, 76 L.Ed.2d 515 (1983); *Brown v. Dellinger (In re Brown),* 734 F.2d 119, 123 (2d Cir.1984) ("The phrase 'all legal or equitable interests of the debtor in property' has been given the broadest possible interpretations...."); *see also* 3 William L. Norton, Jr., *Norton Bankruptcy Law and Practice 2d* § 51:1 (1995); Benjamin Weintraub & Alan N. Resnick, *Bankruptcy Law Manual* ¶ 4.02 (3d ed. 1992).

The House Report accompanying the new Bankruptcy Code provided:

The bill makes significant changes in what constitutes property of the estate. Current law is a complicated melange of references to State law, and does little to further the bankruptcy policy of distribution of the debtor's property to his creditors in satisfaction of his debts....

The bill determines what is property of the estate by a simple reference to what interests in property the debtor has at the commencement of the case. This includes

---

**3.** New York Judiciary Law § 475 provides:

From the commencement of the an action ... in any court ..., the attorney who appears for a party has a lien upon his client's cause of action, claim or counter-claim, which attaches to a verdict, report, determination, decision, judgement, or final order in his client's favor, and the proceeds thereof in whatever hands

they may come; and the lien cannot be affected by any settlement between the parties before or after judgement, final order or determination. The court upon the petition of the client or attorney may determine and enforce the lien.

N.Y.Jud.Law. § 475 (McKinney 1983) (current version substantially similar to 1937 version).

all interests, such as interests in real or personal property, tangible and intangible property, choses in action, causes of action, rights such as copyrights, trade-marks, patents, and processes, contingent interests and future interests, whether or not transferable by the debtor. . . .

These changes will bring anything of value that the debtors have into the estate. The exemption section will permit an individual debtor to take out of the estate that property that is necessary for a fresh start and for the support of himself and his dependents. Certain restrictions on the transferability of property will prevent the trustee from realizing on some items of property of the estate. But on the whole, the trustee will be able to bring all property together for a coherent evaluation of its value and transferability, and then to dispose of it for the benefit of the debtor's creditors.

H.R.Rep. No. 595, 95th Cong., 1st Sess. 175–76 (1977); *see also* S.Rep. No. 989, 95th Cong., 2d Sess. 82–83 (1978), U.S.Code Cong. and Admin.News, 5787, 6136–6137, 5868–5869.

■ As the legislative history to section 541 indicates, Congress intended property of the estate to include all interests of a debtor, including a debtor's contract right to future, contingent property. *See Rau v. Ryerson (In re Ryerson )*, 739 F.2d 1423, 1425 (9th Cir.1984) ("[C]hoses in action and claims [against third parties] clearly include *rights of action based on contract.*") (emphasis added); *In re Taronji*, 174 B.R. 964, 971 (Bankr. N.D.Ill.1994) (holding contingent contract right to receive future shares of stock to be property of estate); *Quarles House Apartments v. Plunkett (In re Plunkett )*, 23 B.R. 392, 394 (Bankr.E.D.Wis.1982) ("Following the intended comprehensive approach to property of the estate, courts interpreting § 541 have generally protected a debtor's contractual right as an asset of the estate."). Thus, the *Coleman* conclusion that section 475 of the New York Judiciary Law did not create a property right under the former Act

does not preclude a finding that property of the estate under the Code includes a debtor's contingent, contractual right to postpetition property.[4]

### 3. The Performance–Completed Test

■ Although the term "property of the estate" is broadly defined under the Code, some courts have nevertheless held that when a debtor enters into a prepetition contract and payment is contingent upon future performance by the debtor, the debtor's estate has no interest in the future payment. *See Vogel v. Palmer (In re Palmer )*, 57 B.R. 332, 334 (Bankr.W.D.Va.1986) (debtor's interest in contingent postpetition bonus not property of estate when bonus conditioned on future employment); *Medor v. Lamb (In re Lamb )*, 47 B.R. 79, 82 (Bankr.D.Vt.1985) (debtor's interest in prepetition contract in which postpetition payment subject to compliance with milk reduction formula not property of the estate); *McCracken v. Selner (In re Selner )* 18 B.R. 420 (Bankr.S.D.Fla.1982) (debtor's interest in postpetition insurance sale commissions that are contingent on debtor's continued employment not property of estate).

In *Boyle v. Stefurak (In re Sloan )*, 32 B.R. 607 (Bankr.E.D.N.Y.1983), the Chapter 7 trustee sought to include as property of the estate a finder's fee received by the debtor postpetition. The court concluded that "[t]he decisive factor in determining whether postpetition income of the debtor will be deemed property of the estate is whether that income accrues from post-petition services of the debtor." *Id.* at 611. It noted that postpetition income will be property of the estate only when "all the acts of the debtor necessary to earn it are rooted in the pre-bankruptcy past." *Id.* Thus, the court held that since the debtor was not required to perform additional services postpetition, the finder's fee paid postpetition was property of the bankruptcy estate. *Id.*

---

4. Not only does the Bankruptcy Code expand the concept of "property of the estate," but the New York Court of Appeals has also recognized that an attorney's charging lien under § 475 of the Judiciary Law is a "vested property right." *See LMWT Realty Corp. v. Davis Agency, Inc.*, 85 N.Y.S.2d 462, 467, 626 N.Y.S.2d 39, 649 N.E.2d 1183 (1995).

In concluding that the finder's fee was property of the bankruptcy estate, the court distinguished *In re Coleman:*

> Not only was *Coleman* decided under more stringent standards of the former Bankruptcy Act, ... but it involved a situation in which the bankrupt continued to perform services under his contingency fee contract after his bankruptcy petition had been filed.

*Id.*

According to *Sloan,* the Trustee would be barred from recovering anything under Bagen's prepetition contingent-fee contracts because of Bagen's obligation to perform postpetition services under those contracts. I respectfully disagree with that analysis. A debtor's continuing obligation to perform postpetition services (as a condition precedent to receiving postpetition property under a prepetition contract) should not prevent the debtor's contingent contract right to future payment from becoming part of the bankruptcy estate.

■ Although a right to payment may depend and be conditioned upon future performance, that right, nevertheless, may be property of the bankruptcy estate. By defining the term "property of the estate" broadly, Congress intended to encompass contingent future payments that were subject to a condition precedent on the date of bankruptcy. *See* H.R.Rep. No. 595, 95th Cong., 1st Sess. 175–76 (1977); *see also In re Newman,* 88 B.R. 191, 192 (Bankr.C.D.Ill.1987) ("[A] contingency merely affects the value of the property interest; it does not prevent the property from becoming property of the estate."). It is in keeping with the broader reach of section 541 of the Code to conclude that a prepetition contingent contract right to receive property in the future is property of the bankruptcy estate. *See Rau v. Ryerson (In re Ryerson),* 739 F.2d 1423, 1425 (9th Cir.1984); *Quarles House Apartments v. Plunkett (In re Plunkett),* 23 B.R. 392, 394 (Bankr.E.D.Wis.1982). Accordingly, those portions of Bagen's contingent attorney's fees which may be paid postpetition, but were nevertheless earned and rooted in his prepetition past, should be includable in his bankruptcy estate. *Cf. In re Herberman, M.D.,* 122 B.R. 273, 278 (Bankr.W.D.Tex. 1990) ("[I]f an individual debtor, by his services performed post-petition, has *earned* (not generated) some portion of the proceeds, profits, rents, etc., of or from the estate's property, then that portion will not be included as property of the estate.").

### 4. The Fifth and Ninth Circuits

■ Although debtors' rights under executory personal-service contracts were not property of the estate under the former Bankruptcy Act, such rights became property of the estate under Code section 541(a)(1), notwithstanding that the underlying contracts could not be assumed or assigned by the trustee under section 365. 4 Lawrence P. King, *Collier on Bankruptcy* ¶ 541.09[3] (15th ed. 1995).[5]

In *Turner v. Avery (In re Avery),* 947 F.2d 772 (5th Cir.1991), *cert. denied,* 504 U.S. 985, 112 S.Ct. 2966, 119 L.Ed.2d 587 (1992), the Fifth Circuit held that fees paid postpetition pursuant to prepetition, attorney contingent-fee contracts are property of the estate to the extent attributable to prepetition services. *Id.* at 774. The court concluded that the contingent-fee contracts had value on the date the bankruptcy case was commenced. "The value is determinable on a *quantum meruit* basis by measuring the value and worth of the legal services performed both before and after the bankruptcy filing." *Id. See also Watts v. Williams (In re Watts),* 154 B.R. 56, 58–59 (S.D.Tex.1993) (holding bankruptcy estate's interest in debtor/attorney's prepetition contingent-fee contract is property of estate and applicable state law

---

**5.** Whether an executory contract may be assumed under Code § 365 has no bearing on whether a debtor's right to future payment under the contract is property of the estate. Mitchell R. Julis, *Classifying Rights and Interests Under the Bankruptcy Code,* 55 Am.Bankr.L.J. 223, 253 (1981). In *Turner v. Avery (In re Avery),* 947 F.2d 772, 774 (5th Cir.1991), *cert. denied,* 504 U.S. 985, 112 S.Ct. 2966, 119 L.Ed.2d 587 (1992), the Fifth Circuit, apparently rejecting its prior analysis in *Tonry v. Hebert (In re Tonry),* 724 F.2d 467, 469 (5th Cir.1984), concluded that although an unassumable executory personal-service contingency contract may not be property of the estate, the debtor's interest in the contract's future proceeds is property of the estate.

applies only to determination of amount belonging to estate).

In *Rau v. Ryerson* (*In re Ryerson*), 739 F.2d 1423 (9th Cir.1984), the Chapter 7 trustee sought to include as property of the estate the debtor's contingent contract right to a postpetition employment-termination payment. Pursuant to the employment contract, the debtor would be entitled to an additional payment upon termination or cancellation of his employment contract. Being in good standing with his employer upon the termination or cancellation of the employment contract was a condition precedent to receipt of the termination payment. The debtor filed for Chapter 7 relief and his employment contract was terminated thereafter.

The debtor in *Ryerson* contended that since his employment had not been terminated on the date of bankruptcy, his right to the employment-termination payment was contingent and not property of the estate. Noting that the debtor's contention may have been valid under the former Bankruptcy Act, the Ninth Circuit held that under the Code a debtor's "right to 'contract value' is property of the estate." *Id.* at 1425. It stated:

> By including all legal interests without exception, Congress indicated its intention to include all legally recognizable interests although they may be contingent and not subject to possession until some future time. We therefore conclude that [the debtor's] interest in the "contract value," albeit contingent at the time of filing and not payable until such time as his appointment is terminated or cancelled, is includable within the bankruptcy estate pursuant to section 541(a)(1).

*Id.* (citations and footnote omitted).

After concluding that the debtor's right to "contract value" was property of the bankruptcy estate pursuant to section 541(a)(1), the court determined that any postpetition employment-termination payments were property of the estate "at least to the extent the payments are related to prebankruptcy services." *Id.*

The *Ryerson* and *Avery* Circuit Court opinions provide persuasive analyses of when and why a debtor's prepetition contingent contract right to postpetition property becomes property of the bankruptcy estate.

## CONCLUSION

■ Bagen's prepetition contingent contractual right to postpetition property is property of the estate pursuant to Code section 541(a)(1). Any postpetition payment made under the prepetition contingent-fee contracts is property of this estate to the extent earned prepetition. The estate's interest in the future payment includes the entire sum paid less the amount attributable to services rendered postpetition.

The fact that a debtor must continue to perform services after bankruptcy (as a condition precedent to payment) does not preclude a finding that the bankruptcy estate has an interest in the contingent contract right to future payment. (Valuation of this interest is not before me on this motion.) Accordingly, the Debtor's Motion to Dismiss Trustee's Complaint is denied.

This proceeding is scheduled for pre-trial conference for October 10, 1995 at 3:00 P.M.

It is SO ORDERED.